# Exhibit 5:

Declaration of Mary Koncel

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| GINGER KATHRENS, et al., | ) | Case No. 3:18-cv-01691-MO |
| | ) | |
| Plaintiffs, | ) | **DECLARATION OF** |
| | ) | **MARY KONCEL** |
| v. | ) | |
| | ) | |
| | ) | |
| DAVID BERNHARDT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

1. I am a Program Specialist at the American Wild Horse Campaign ("AWHC"). My duties include monitoring the Bureau of Land Management's ("BLM") proposals and actions regarding wild horse management, preparing comments on proposed BLM actions, and attending BLM meetings and events related to the management of wild horses.

2. On April 4 and 5, 2019, BLM hosted a meeting of its Southeast Oregon Resource Advisory Council. That meeting was open to the public and included a conference line that enabled members of the public to attend telephonically. I attended these Resource Advisory Council meetings telephonically on behalf of AWHC.

3. On April 4, 2019, BLM officials Jeff Rose, Todd Forbes, and Shaney Rockefeller discussed the management of wild horses in southeast Oregon, including the proposed experiments on wild mare sterilization that were at issue in this lawsuit. Although the official conducting the discussion did not introduce himself, I believe that this official was Jeff Rose, who is the BLM Burns District Manager.

4. During that April 4, 2019 meeting, a BLM official disclosed that the agency was planning to implement a set of wild mare sterilization experiments that will be similar to the experiments that this Court enjoined. That same BLM official stated that BLM anticipates issuing a NEPA document for a new wild mare sterilization experiment in June of this year.

5. During the same April 4, 2019 meeting, the same BLM official discussed this lawsuit as well as the similar lawsuit in 2016 over a previous, similar set of sterilization experiments. The BLM official stated that he anticipates that the agency's new sterilization experiments will likely be the subject of another round of litigation.

6. On behalf of AWHC, I submitted comments on the agency's management of wild horses, including the prospect for another set of wild mare sterilization experiments, on April 4, 2019. A copy of those comments is attached to this declaration.

7. On April 5, 2019, BLM offered a brief opportunity for members of the public to make oral comments on the matters discussed at the Resource Advisory Committee meeting. On behalf of AWHC, I made oral comments and raised the following questions regarding BLM's stated plan to undertake another set of experiments on wild mare sterilization:

    a. When will the BLM put out a new NEPA document?

    b. What opportunity will be provided for public comment?

    c. When does the BLM plan to conduct spay experiments?

    d. On what procedures does the BLM plan to conduct experiments?

    e. How many horses will be involved?

    f. Will the horses involved be the ones who have already been removed from the Warm Springs HMA?

g. Does the BLM intend to partner with an academic or scientific institution and, if so, which one?

h. How does the BLM plan to monitor the health and welfare of the horses?

i. What opportunity for observation of the experiments will BLM provide?

j. Does the BLM have any plan to study the behavioral impacts of the forms of sterilization that it is conducting experiments on?

8. The BLM did not provide any response to my comments or questions during the Resource Advisory Committee meeting. To my knowledge, the BLM has not provided any information that would address my comments or questions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

5.7.2019
DATE

Mary Koncel