William Nicholson Lawton, OSB 143685
nick@eubankslegal.com
Eubanks & Associates LLC
1331 H Street NW
Washington, D.C. 20005
Tel: (202) 556-1243

William S. Eubanks II, admitted *pro hac vice*
bill@eubankslegal.com
Eubanks & Associates LLC
2601 S. Lemay Ave., Unit 7-240
Fort Collins, CO 80525
Tel: (970) 703-6060

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| GINGER KATHRENS, et al., ) | Case No. 3:18-cv-01691-MO |
| ) | |
| Plaintiffs, ) | **PLAINTIFFS' AMENDED MOTION** |
| ) | **FOR RECONSIDERATION** |
| v. ) | |
| ) | |
| DAVID BERNHARDT, et al., ) | |
| ) | |
| Defendants. ) | |

Pursuant to the Court's May 11, 2020 Order, ECF No. 71, Plaintiffs submit this Amended Motion for Reconsideration to respectfully request that this Court reconsider its March 20, 2020 Judgment, ECF No. 63, denying Plaintiffs the ability to seek and recover attorneys' fees and costs spent successfully litigating this case. As described in the attached memorandum, reconsideration is appropriate because the issue of whether Plaintiffs may recover attorneys' fees and costs was not before the Court when it entered Judgment and thus the Court did not have the

i

benefit of briefing from either party on the relevant legal issues. Moreover, reconsideration is warranted because Plaintiffs are prevailing parties eligible for and entitled to recovery of fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412, as described in the attached memorandum. Pursuant to Local Rule 7-1(a)(1), Plaintiffs have conferred with counsel for Defendants, and Defendants oppose this motion.

Respectfully submitted,

*/s/ William N. Lawton*
William N. Lawton
nick@eubankslegal.com
Oregon Bar No. 143685
Eubanks & Associates LLC
1509 16th Street NW
Washington, DC 20036
(202) 556-1243

William S. Eubanks II
(*admitted* pro hac vice)
bill@eubankslegal.com
D.C. Bar No. 987036
Eubanks & Associates LLC
2601 S. Lemay Ave., Unit 7-240
Fort Collins, CO 80525
(970) 703-6060

Counsel for Plaintiffs

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION

### INTRODUCTION

Pursuant to the Court's May 11, 2020 Order, ECF No. 71, Plaintiffs respectfully request that the Court reconsider its March 20, 2020 Judgment, which provided that there would be "no award of attorney fees, costs, or prevailing party fees to any party." ECF No 63. Before the Court issued its judgment, Plaintiffs had no opportunity to explain that they are in fact eligible for, and entitled to, recovery of fees under the Equal Access to Justice Act ("EAJA"), which requires any fee petition to be filed *after* final judgment, 28 U.S.C. § 2412(d)(1)(B). Reconsideration is necessary for the Court to properly consider Plaintiffs' explanation that, contrary to the Court's judgment, ECF No. 63, Plaintiffs are prevailing parties entitled to recover fees and costs under EAJA, as explained in Plaintiffs' timely filed fee petition, ECF No. 65, and as discussed below.[1]

### BACKGROUND

**I.  RECONSIDERATION UNDER THE RULES OF CIVIL PROCEDURE**

Plaintiffs seek reconsideration under either Rule 59(e) or Rule 60. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) ("[A] motion for reconsideration . . . is appropriately brought under either Rule 59(e) or rule 60(b)"). The Court has discretion to reconsider and vacate a prior judgment. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.* ("*Sch. Dist. No. 1J*"), 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the

---

[1] Pursuant to the Court's Order, ECF No. 71, Plaintiffs have incorporated into this memorandum "all arguments necessary for the court to decide the motion [for reconsideration], including all relevant legal arguments" from their fee petition, ECF No. 65. Likewise, consistent with the Court's Order, Plaintiffs omit "references to fee amounts, calculations, or estimates." ECF No. 71. To the extent Plaintiffs cite supporting documents such as declarations in this brief, Plaintiffs do so only to support their arguments for reconsideration; the Court need not consider any portion of those supporting documents that bears on "fee amounts, calculations, or estimates."

1

initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law," or for "other, highly unusual, circumstances." *Id.* at 1263; *see also* Fed. R. Civ. P. 60(b)(6) (allowing courts to grant relief from a final judgment for "any other reason that justifies relief"); Fed. R. Civ. P. 59(e). Thus, reconsideration is proper if "the Court has made a decision outside the adversarial issues presented to it." *Saini v. I.N.S.*, 64 F. Supp. 2d 923, 925 (D. Ariz. 1999).

## II.  THE EQUAL ACCESS TO JUSTICE ACT

In EAJA, Congress mandated that "a court shall award to a prevailing party" fees, costs, and other expenses "in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

## DISCUSSION

## I.  RECONSIDERATION IS NECESSARY TO CONSIDER NEW EVIDENCE, CORRECT A CLEAR ERROR, AND PREVENT MANIFEST INJUSTICE

"Reconsideration is appropriate if the district court . . . is presented with newly discovered evidence." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Because Plaintiffs' EAJA fee application could not have been filed before the Court entered judgment, the arguments presented initially in Plaintiffs' timely filed fee application, ECF No. 65, and incorporated herein pursuant to the Court's May 11, 2020 Order, ECF No. 71, constitute new evidence that warrants reconsideration.

Likewise, "[r]econsideration is appropriate if the district court committed clear error or the initial decision was manifestly unjust." *Sch. Dist. No. 1J*, 5 F.3d at 1263. This Court's March 20, 2020 Judgment denying "attorney fees, costs, or prevailing party fees," ECF No. 63, constituted a clear error that, if left uncorrected, will cause a manifestly unjust outcome.

Reconsideration is necessary because by entering judgment denying Plaintiffs fees before allowing the parties to brief the issue of Plaintiffs' entitlement to fees under EAJA, the Court committed clear error. *See Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir. 1982) (A "district court's failure to allow the parties to develop an adequate evidentiary basis for a fee award and to follow proper standards in awarding fees [i]s inconsistent with the sound exercise of discretion."). Similarly, the Court's denial of fees also constituted clear error because Plaintiffs are both eligible for, and entitled to, the recovery of fees and costs under EAJA, as described below.

The Court's denial of fees, if left uncorrected, will result in manifest injustice. This case constitutes the second time that Plaintiffs have been forced to seek a preliminary injunction to preserve their constitutional rights and the interests of wild horses protected under federal law. In a related 2016 case, the Bureau of Land Management ("BLM") cancelled similar experiments after Plaintiffs filed a preliminary injunction motion but before that motion could be resolved. *See* ECF No. 7 at 15; Roy Decl., ECF No. 65-9, ¶ 6. Without judicial resolution of Plaintiffs' 2016 motion, Plaintiffs were not able to recover any of the considerable resources necessary to bring that litigation—even though it yielded the outcome Plaintiffs sought. *See Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013) (a "prevailing party" must obtain a "judicial imprimatur" on a "material alteration in the parties' legal relationship"). Here, however, Plaintiffs *did* obtain a preliminary injunction, which *does* constitute the necessary "judicial imprimatur" for Plaintiffs to be prevailing parties under EAJA. *See id.* at 716; *infra* § II(B).

The Court's denial of fees under these circumstances causes a manifestly unjust outcome because it countenances "a pattern of BLM essentially forcing [Plaintiffs] to expend limited resources bringing the same meritorious claims repeatedly." Roy Decl., ECF No. 65-9, ¶ 13.

Notably, this Court granted Plaintiffs a preliminary injunction on their claim that the BLM's restrictions on observation of its proposed experiments on spaying wild horses violated the First Amendment to the U.S. Constitution, ECF No. 24—the same basis on which Plaintiffs sought a preliminary injunction in 2016, *see* ECF No. 7 at 15. Because this is the second time BLM has forced Plaintiffs to litigate this same issue, and because Plaintiffs' success in obtaining a preliminary injunction confers prevailing party status, *see infra* § II(B), a denial of fees under these circumstances would be manifestly unjust.

Similarly, a denial of fees would be manifestly unjust because Plaintiffs—a collection of individuals and non-profit organizations with limited resources—simply do not have the resources to continue repeatedly bringing meritorious claims if they have no ability to recover fees when they succeed. *See* Roy Decl., ECF No. 65-9, ¶¶ 10–13. Plaintiffs are profoundly concerned that BLM may decide yet again to conduct the experiments challenged in this litigation with similar restrictions on observation—as the agency has done twice before and proposed to do for a third time during this litigation. ECF No. 41-2. The fact that BLM proposed to undertake substantially similar experiments again during this litigation underscores Plaintiffs' reasonable concern that they may have to file suit again on this issue in the future. Plaintiffs "may not have the resources necessary to bring this claim again in the future if [they] cannot recover fees for the expenses associated with successfully litigating this case." Roy Decl., ECF No. 65-9, ¶ 13. A denial of fees in these circumstances would be manifestly unjust and directly contrary to EAJA's purposes. *See* Congressional Findings and Purposes, note following 5 U.S.C. § 504 (noting that Congress enacted EAJA to correct the risk that plaintiffs "may be deterred from seeking review of . . . unreasonable governmental action because of the expense involved in securing the vindication of their rights").

## II. RECONSIDERATION IS NECESSARY BECAUSE PLAINTIFFS ARE ENTITLED TO FEES AND COSTS UNDER EAJA

### A. Plaintiffs Are Eligible for an Award Under EAJA

#### 1. *Plaintiffs Satisfy EAJA's Size and Net Worth Requirements*

A plaintiff is eligible for an EAJA award if it meets applicable size or net worth criteria and is a "prevailing party." 28 U.S.C. § 2412(d)(1)(B). Plaintiffs American Wild Horse Campaign, Animal Welfare Institute, and The Cloud Foundation meet EAJA's size criteria. *See* Lawton Decl., ECF No. 65-1, ¶ 3; *see* 28 U.S.C. § 2412(d)(2)(B). Likewise, Plaintiffs Ginger Kathrens and Carol Walker satisfy EAJA's net worth criteria because their net worth does not exceed $2,000,000. Lawton Decl., ECF No. 65-1, ¶ 3.

#### 2. *Plaintiffs are Prevailing Parties*

A party prevails if it "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). More specifically, a plaintiff must secure a "material alteration in the parties' legal relationship" that is "accompanied by a judicial imprimatur on the change." *Higher Taste*, 717 F.3d at 715. A "preliminary injunction satisfies the judicial imprimatur requirement if it is based on a finding that the plaintiff has shown a likelihood of success on the merits." *Id.* at 716. Likewise, a preliminary injunction materially alters the parties' legal relationship, which "is typically the whole point of an injunction." *Id.*

"[W]hen a plaintiff wins a preliminary injunction and the case is rendered moot before final judgment . . . the plaintiff is a prevailing party eligible for a fee award." *Id.* at 717. A "typical scenario" in which a plaintiff prevails is one in which the "plaintiff wins a preliminary injunction prohibiting enforcement of a particular statute, and the defendant renders the case moot by repealing the statute before entering final judgment." *Id.*; *see also Watson v. County of*

5

*Riverside*, 300 F.3d 1092, 1095 (9th Cir. 2002) ("[H]aving won the preliminary injunction, the plaintiffs were prevailing parties notwithstanding the subsequent mooting of their case.").

Here, Plaintiffs secured a preliminary injunction "based on a finding that the plaintiff has shown a likelihood of success on the merits." *Higher Taste*, 716 F.3d at 716; *see also* ECF No. 24 at 1–2 ("Plaintiffs have demonstrated a likelihood of success on the merits."). That preliminary injunction materially altered the parties' legal relationship by preventing BLM from undertaking the experiments Plaintiffs challenged.

Plaintiffs also achieved at least "some of the benefit the parties sought in bringing the suit." *Hensley*, 461 U.S. at 433. Plaintiffs sought injunctive relief, ECF No. 1 at 46, which they obtained. Moreover, the preliminary injunction led BLM to abandon the experiments that Plaintiffs challenged as unlawful. *See* ECF No. 36-1, at 2 ("[B]ecause of the court's ruling [in this case], BLM . . . determined that it wishes to rescind the [Decision Record]"). This was an outcome Plaintiffs had long sought in comments to the agency. *See*, *e.g.*, ECF No. 7-12 at 2 (Plaintiff comments that "BLM should reject this [spay] procedure"); ECF No. 7-13 at 3 (Plaintiff comments that "BLM should not proceed with the [spay] study"). Thus, Plaintiffs "prevailed because [they] won a preliminary injunction and, because the [agency] withdrew its [decision], [Plaintiffs] achieved the benefit [they] sought." *League of Wilderness Defenders-Blue Mountains Diversity Proj. v. Turner*, 305 F. Supp. 3d 1156, 1164 (D. Or. 2018) (Mosman, J.). Dismissal of the case as moot does not deprive Plaintiffs of prevailing party status. Plaintiffs prevail "when the plaintiff wins a preliminary injunction and the case is subsequently rendered moot by the defendant's own actions." *Higher Taste*, 717 F.3d at 717.[2]

---

[2] *See also Watson*, 300 F.3d at 1095 ("[P]laintiffs were prevailing parties notwithstanding the subsequent mooting of their case."); *Or. Natural Desert Ass'n v. Lohn*, 522 F. Supp. 2d 1295, 1298–300 (D. Or. 2007) (finding that plaintiffs prevailed where they secured a preliminary

### B.    Plaintiffs Are Entitled to an Award Under EAJA

"Once a party's eligibility has been proven, an award of fees is mandatory under the EAJA unless the government's position is substantially justified or special circumstances exist that make an award of fees unjust." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). "The burden of proving the special circumstances or substantial justification exception to the mandatory award of fees under the EAJA rests with the government." *Id.*

#### 1.    *The Government's Position Was Not Substantially Justified*

To be substantially justified, the government's position must have a "reasonable basis both in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The agency bears the burden of proving its position was substantially justified, *Or. Natural Res. Council v. Marsh*, 52 F.3d 1485, 1492 (9th Cir. 1995), and the Court makes "only one threshold determination for the entire civil action." *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990). The Court must evaluate both the underlying government conduct and the government's litigation positions. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). If the underlying agency action was not substantially justified, the Court need not consider whether the government's litigation position was substantially justified. *Id.* at 872. Even if some aspects of the government's position were substantially justified, the overall position may not be. *See, e.g.*, *United States v. Marolf*, 277 F.3d 1156, 1164 (9th Cir. 2002). Where an agency's decision lacks "reasonable, substantial and probative evidence in the record," the government's conduct is substantially justified only in a "decidedly unusual case." *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir 2005).

---

injunction, the agency revised a decision, and the court dismissed the case as moot); *League of Wilderness Defenders-Blue Mountains Diversity Proj. v. Smith*, 491 F. Supp. 2d 980, 984–86 (D. Or. 2007) (finding that plaintiffs prevailed where they secured a preliminary injunction, the agency withdrew an action, and the court granted a motion to dismiss the case as moot).

The government's position in this litigation was not substantially justified. First, the Court found that Plaintiffs demonstrated they were likely to succeed on the merits of their claim "that BLM's failure to explain why it was not assessing the social acceptability of its procedures was arbitrary and capricious." ECF No. 24 at 1–2. BLM's position on this issue lacked any reasonable basis in law or fact. Plaintiffs explained that the Wild Free-Roaming Horses and Burros Act requires humane treatment of wild horses and that well-established precedent clearly obligates federal agencies to explain a substantive change of this nature. *See* ECF No. 7 at 22–23, 28, 31–32 (collecting cases); *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 969 (9th Cir. 2015) (en banc) ("The absence of a reasoned explanation for disregarding previous factual findings violates the APA."). The Court rejected BLM's excuse for not supplying a reasoned explanation for the change—the agency's suggestion that there was no change in its "policy"—stating, "[i]f you said you're going to do it in '16 and you take it out in '18, doesn't the APA require you to explain, even if it's not your overarching policy, why you made the change?" ECF No. 21 at 29. The Court then found that Plaintiffs were likely to succeed on this issue. *Id.* at 59. Hence, Defendant's position had no reasonable basis in law.

Likewise, BLM's failure to explain why it jettisoned consideration of social acceptability lacked any basis in fact. The Court noted that BLM's "explanation on the record" for why it abandoned consideration of social acceptability was "simply not an explanation"; "[t]heir explanation in 2018 as to why it's not part of the study is that it's not part of the study." ECF No. 21 at 59. Indeed, the Court criticized the agency's purported explanation that evaluating social acceptability was not part of the agency's stated "purpose and need" for the project as "almost a perfect tautology" and "not an explanation." *Id.* at 26–27. As the Court noted, "[t]he question is why are you not doing it, and that doesn't say why." *Id.* at 26. The Court concluded that BLM

8

failed to "explain why it's not part of the study, and because it doesn't explain anything, it's by definition arbitrary." *Id.* at 59. BLM's position on this issue had no reasonable basis in fact.

Second, the Court found that "Plaintiffs have demonstrated a likelihood of success on the merits regarding their claim that the restrictions imposed by [BLM] on Plaintiffs' ability to observe the wild mare sterilization procedure at issue in this case violate Plaintiffs' constitutional rights under the First Amendment." ECF No. 24 at 1. BLM's position on this issue lacked any reasonable basis in law or fact. Plaintiffs explained that well-established legal precedent mandates that where a right of access to observe a government activity exists, any restrictions on public observation must be narrowly tailored to serve an overriding government interest. ECF No. 7 at 20; *see also Leigh v. Salazar*, 677 F.3d 892, 898 (9th Cir. 2012). Here, the Court found that BLM's legal position was "the wrong way to think about narrowly tailored." ECF No. 21 at 56. The Court rejected the position that an agency could restrict public observation merely because it "didn't advance the government's purposes in performing the procedure," noting again that "[t]hat's the wrong way to think about it." *Id.* at 57. Instead, the Court noted that a restriction on access "has to advance the government's stated interests in denying access." *Id.* Thus, because the Court squarely rejected BLM's legal position on what constitutes a "narrowly tailored" limitation on observation, that position lacked any reasonable basis in law.

Likewise, the Court squarely rejected BLM's purported factual basis for its restrictions on public observation, noting that a restriction "has to advance the government's stated interests in denying access" and that "here it doesn't do that really." *Id.* For example, with regard to cameras, the Court found that BLM's stated reason that cameras "in a low-lit environment" would be unable to identify a specific horse did not "carry the day" especially since they were "in competition with the Emmy Award-winning documentarian saying that the cameras will

9

work where they're placed." *Id.* The Court also expressed incredulity at BLM's suggestion that a small camera "could be a safety issue." *Id.* at 45. Similarly, the Court rejected the government's suggestion that there was no room in the facility where the experiments were to take place for "a trained wild horse veterinarian observer." *Id.* at 46. The Court noted that "at one point you were going to have three trained wild horse veterinarian observers there, and now you want zero, and you say you can't have any, there's not room," finding "[t]hat doesn't make sense." *Id.* at 46–47. Because BLM's purported reasons for restricting public observation did not "make sense," *id.*, the government's position lacked any reasonable basis in fact and was not substantially justified.

### 2. *No Special Circumstances Make an Award Unjust*

Plaintiffs are not aware of any special circumstances that make an award of fees unjust. Although it is the government's burden to identify any ostensible special circumstances, *Love*, 924 F.2d at 1495, Plaintiffs note that any special circumstances associated with this case illustrate the justice of a fee award. As discussed above, this case constitutes the *second* time that Plaintiffs have been forced to seek a preliminary injunction to protect their rights and wild horses. *See supra* at 3–5. The fact that BLM resuscitated substantially the same proposal in 2018, requiring Plaintiffs to expend additional resources against a substantially similar experiment as the one BLM withdrew in 2016, indicates that a fee award is just here.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its judgment of March 20, 2020, ECF No. 63, and consider on the basis of relevant briefing by the parties whether Plaintiffs are entitled to recover costs, fees, and other expenses under EAJA.

Respectfully submitted,

*/s/ William N. Lawton*
William N. Lawton

nick@eubankslegal.com
Oregon Bar No. 143685
Eubanks & Associates LLC
1509 16th Street NW
Washington, DC 20036
(202) 556-1243

William S. Eubanks II
(*admitted* pro hac vice)
bill@eubankslegal.com
D.C. Bar No. 987036
Eubanks & Associates LLC
2601 S. Lemay Ave., Unit 7-240
Fort Collins, CO 80525
(970) 703-6060

Counsel for Plaintiffs