JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| GINGER KATHRENS, et al., | Case No. 3:18-cv-1691-MO |
| Plaintiffs, | DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION |
| v. | |
| DAVID BERNHARDT, Secretary of the United States Department of the Interior, et al., | |
| Defendants. | |

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

STANDARD OF REVIEW ............................................................................................... 1

    I.     Motion for Reconsideration ................................................................................. 1

    II.    Equal Access to Justice Act ................................................................................ 2

ARGUMENT .................................................................................................................... 3

    I.     The Motion for Reconsideration Must be Denied ............................................. 3

    II.    Even if the Court were to consider Plaintiffs' Fee Application, Plaintiffs are Not Entitled to Fees ...................................................................................... 11

          A.    Defendants' Position is Substantially Justified ....................................... 11

                 1.    Defendants' Position on the September 2018 decision record and EA is Substantially Justified .................................................... 13

                 2.    Defendants' Litigation Position is Substantially Justified ........... 17

          B.    Plaintiffs are Not Entitled to Fees Due to Special Circumstances ............ 19

CONCLUSION ............................................................................................................... 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alaska Airlines v. Johnson*,
   8 F.3d 791 (Fed. Cir. 1993) ....................................................... 9

*Al-Harbi v. Immigration & Naturalization Serv.*,
   284 F.3d 1080 (9th Cir. 2002) ................................................... 12

*All. for the Wild Rockies v. Cottrell*,
   632 F.3d 1127 (9th Cir. 2011) ................................................... 16

*Am. Ironworks & Erectors Inc. v. N.A. Constr. Corp.*,
   248 F.3d 892 (9th Cir. 2001) ..................................................... 10

*Andrew v. Bowen*,
   837 F.2d 875 (9th Cir. 1988) ............................................... 12, 17

*Ardestani v. INS*,
   502 U.S. 129 (1991)..................................................................... 3

*Armster v. U.S. Dist. Court for the Cent. Dist. of Cal.*,
   817 F.2d 480 (9th Cir. 1987) ..................................................... 18

*Bay Area Peace Navy v. United States*,
   914 F.2d 1224 (9th Cir. 1990) ................................................... 12

*Ben Sager Chem. Int'l v. E. Targosz & Co.*,
   560 F.2d 805 (7th Cir. 1977) ....................................................... 2

*Bogan v. City of Boston*,
   No. 02-10522-MBB, 2006 WL 8458101 (D. Mass. 2006)....................... 5

*Browder v. Dir., Ill. Dept. of Corrections*,
   434 U.S. 257 (1978)..................................................................... 4

*Buchanan v. Stanships, Inc.*,
   485 U.S. 265 (1988)..................................................................... 4

*Budinich v. Beckton Dickinson & Co.*,
   486 U.S. 196 (1988)..................................................................... 4

*Comm'r, INS v. Jean*,
   496 U.S. 154 (1990)............................................................. 12, 19

*Dep't of Health Servs. of Cal. v. Sec'y of Health & Human Servs.*,
   823 F.2d 323 (9th Cir. 1987) ..................................................... 16

*Edwards v. McMahon*,
   834 F.2d 796 (9th Cir. 1997) ..................................................... 16

*Engleson v. Burlington N. R.R. Co.*,
   972 F.2d 1038 (9th Cir. 1992) ..................................................... 2

*Forest Conservation Council v. Devlin*,
994 F.2d 709 (9th Cir. 1993) ................................................................ 2

*Gonzales v. Free Speech Coal.,*
408 F.3d 613 (9th Cir. 2005) ................................................ 11, 12, 17

*Greenspan v. Fieldstone Fin. Mgmt. Grp. LLC,*
No. 3:17-cv-233-PK, 2018 WL 4945214 (D. Or. 2018)........................ 8

*Harley Davidson Credit Corp. v. Turudic,*
No. 3:11-cv-1317-HZ, 2012 WL 3314919 (D. Or. 2012). ...................... 6

*Hollis v. Reisenhoover,*
No. 17-00326 BLF, 2019 WL 5423454 (N.D. Cal. 2019).................... 1

*In re Oak Park Calabasas Condo. Ass' n,*
302 B.R. 682 (Bankr. C.D. Cal. 2003) ................................................ 8

*J.D. Pharm. Distrib., Inc. v. Save-On Drugs & Cosmetics Corp.,*
893 F.2d 1201 (11th Cir. 1990) .................................................. 10, 11

*Jones v. Aero/Chem Corp.,*
921 F.2d 875 (9th Cir. 1990) ................................................................ 6

*Kali v. Bowen,*
854 F.2d 329  (9th Cir. 1988) ........................................................ 16, 18

*Key Tronic Corp. v. United States,*
511 U.S. 809 (1994)................................................................................ 2

*Klapprott v. United States,*
335 U.S. 601 (1949) .......................................................................... 10

*Knighton v. Watkins,*
616 F.2d 795 (5th Cir. 1980) ................................................................ 4

*Kona Enters. v. Estate of Bishop,*
229 F.3d 877 (9th Cir. 2000) ................................................................ 2

*Liljeberg v. Health Servs. Acquisition Corp.,*
486 U.S. 847 (1988)............................................................................ 10

*McHenry v. PacificSource Health Plans,*
No. CV 08-562-ST, 2010 WL 11699616 (D. Or. 2010)........................ 8

*Moore v. Jas. H. Matthews & Co.,*
682 F.2d 838 (9th Cir. 1982) ................................................................ 7

*Moody Nat'l Bank of Galveston v. GE Life and Annuity Assurance Co.,*
383 F.3d 249 (5th Cir. 2004) ................................................................ 8

*Oguachuba v. INS,*
706 F.2d 93 (2d Cir. 1983) ................................................................ 19

iv

*Oregon Envtl. Council v. Kunzman*,
  817 F.2d 484 (9th Cir.1987) ............................................................................ 18

*Parsons v. United States*,
  670 F.2d 164 (Ct. Cl. 1982) ............................................................................. 9

*Pierce v. Underwood*,
  487 U.S. 552 (1988).................................................................................... 3, 13

*Press-Enterprise Co. v. Cal. Superior Court of Cal.*
  478 U.S. 1 (1986) ........................................................................................... 15

*Ramsey v. Colonial Life Ins. Co.*,
  12 F.3d 472 (5th Cir. 1994) ............................................................................. 5

*Ruckelshaus v. Sierra Club*,
  463 U.S. 680 (1983) ......................................................................................... 3

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) .......................................................................... 1, 2

*Slep-Tone Entm't Corp. v. Backstage Bar and Grill*,
  No. 2:11-cv-8305-ODW, 2013 WL 1196681 (C.D. Cal. 2013) ................... 4, 5, 9, 10

*Sullivan v. Hudson*,
  490 U.S. 877 (1989) ......................................................................................... 3

*Thangaraja v. Gonzales*,
  428 F.3d 870 (9th Cir. 2005) ......................................................................... 12

*Twentieth Century - Fox Film Corp. v. Dunnahoo*,
  637 F.2d 1338 (9th Cir. 1981) ......................................................................... 1

*United States v. Alpine Land & Reservoir Co.*,
  984 F.2d 1047 (9th Cir. 1993) .................................................................... 2, 10

*United States v. First Nat'l Bank of Circle*,
  732 F.2d 1444 (9th Cir. 1984) ....................................................................... 12

*United States v. Holtzman*,
  762 F.2d 720 (9th Cir. 1985) ......................................................................... 10

*United States v. Jackson*,
  669 F. App'x 544 (11th Cir. 2016) ................................................................... 8

*United States v. 2659 Roundhill Drive*,
  283 F.3d 1146 (9th Cir. 2002) ....................................................................... 11

*United States v. Rubin*,
  97 F.3d 373 (9th Cir.1996) ............................................................................. 12

*White v. N.H. Dep't of Employ't Sec.*,
  455 U.S. 445 (1982)................................................................................... 4-7, 9

**Statutes**

28 U.S.C. § 2412 .................................................................................................. 3, 11, 19

**Rules**

Fed. R. Civ. P. 59(e) ...................................................................................... passim

Fed. R. Civ. P. 60(b) ...................................................................................... passim

Fed. R. Evid. 401(b) ............................................................................................... 6

## INTRODUCTION

Plaintiffs have not met their burden of proving under either Federal Rule of Civil Procedure 59(e) or 60(b) that the Court should reconsider its decision to deny any party attorneys' fees and costs. As a threshold matter, Rule 59(e) is not the proper vehicle for raising collateral issues such as those relating to fees and costs. But even if the Court were to consider Plaintiffs' arguments under Rule 59(e), there is no newly discovered evidence and the Court's decision was not manifestly unjust. Plaintiffs have also failed to prove that the Court's decision was clearly erroneous. Rather, it was entirely reasonable for the Court to determine that Plaintiffs are not entitled to fees and costs under the Equal Access to Justice Act ("EAJA") as Defendants' position is substantially justified and special circumstances—namely Plaintiffs' decision to unduly prolong this litigation well after it became moot—warrant the denial of Plaintiffs' fee application. Furthermore, Plaintiffs' motion for reconsideration fails under Rule 60(b) as there is no newly discovered evidence and there is no other reason justifying relief. Therefore, Plaintiffs' amended motion for reconsideration must be denied.

## STANDARD OF REVIEW

### I.    Motion for Reconsideration

A district court may reconsider its rulings on the merits under either Federal Rule of Civil Procedure 59(e) or 60(b). *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1262 (9th Cir. 1993). Motions for reconsideration under either Rules 59(e) or 60(b) "should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court." *Hollis v. Reisenhoover*, Case No. 17-00326 BLF, 2019 WL 5423454, at * 1 (N.D. Cal. Oct. 22, 2019) (citing *Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under Rule 59(e), reconsideration is appropriate if newly discovered evidence is presented, the court's initial decision was clear error or manifestly unjust, or if there is an intervening change in the controlling law. *School Dist. No. 1J*, 5 F.3d at 1263. In addition, reconsideration can be appropriate in "other, highly unusual, circumstances." *Id.*

Similarly, reconsideration under Rule 60(b) is "extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Engleson v. Burlington N. R.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (quoting *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), a Court may grant reconsideration only: (1) for mistake, inadvertence, surprise or excusable neglect; (2) for newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) for fraud by the adverse party; (4) if the judgment is void; (5) if the judgment has been satisfied; or (6) for any other reason justifying relief. Fed. R. Civ. P. 60(b). The "any other reason justifying relief" provision is only used to prevent manifest injustice and the proponent must show "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993); *see also id.* (describing Supreme Court cases where 60(b) has been applied).

## II.    Equal Access to Justice Act

Under the American rule governing attorneys' fees, courts follow "a general practice of not awarding fees to a prevailing party absent explicit statutory authority." *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994) (citation omitted). EAJA is a "limited exception" to that rule. *See Forest Conservation Council v. Devlin*, 994 F.2d 709, 712-13 (9th Cir. 1993) (citing

*Pierce v. Underwood*, 487 U.S. 552, 575 (1988)). EAJA contains a provision allowing a court to award litigation attorneys' fees and costs in those cases where fee awards against the government are not otherwise authorized. *See* H.R. Rep. No. 96-1418, reprinted in 1980 U.S.C.C.A.N. 4984, 4997. EAJA provides that:

> a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As with any waiver of sovereign immunity, EAJA must be strictly construed in the government's favor. *Ardestani v. INS*, 502 U.S. 129, 136 (1991); *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983).

For a fee applicant to receive an award under EAJA, three tests must be met: (1) the applicant must be a "prevailing party" and meet eligibility requirements; (2) the government's legal position must not have been "substantially justified"; and (3) there must be a complete absence of "special circumstances" that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A); s*ee, e.g., Sullivan v. Hudson*, 490 U.S. 877, 883 (1989). Even after satisfying these criteria, the Court may still deny fees if the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C).

## **ARGUMENT**

## I.    **The Motion for Reconsideration Must be Denied**

Plaintiffs' motion for reconsideration must be denied under both Rule 59(e) and 60(b). Regarding Rule 59(e), the Supreme Court has held that the rule should only be used to support reconsideration of matters encompassed in a decision on the merits and not for issues collateral

to the main cause of action—like attorneys' fees and costs. *White v. N.H. Dep't of Emp't Sec.*,
455 U.S. 445, 450-52 (1982) (a decision about whether a party is entitled to fees "require[s]
inquiry separate from the decision on the merits" and is "uniquely separable from the cause of
action to be proved at trial"). The Supreme Court reasoned that:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946. Its
> draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee
> Report, the Rule was adopted to "mak[e] clear that the district court possesses the
> power" to rectify its own mistakes in the period immediately following the entry of
> judgment. . . . Consistently with this original understanding, the federal courts
> generally have invoked 59(e) only to support reconsideration of matters properly
> encompassed in a decision on the merits. *E. g., Browder v. Director, Illinois Dept.
> of Corrections*, 434 U.S. 257 (1978). By contrast, a request for attorney's fees under
> § 1988 raises legal issues collateral to the main cause of action -- issues to which
> Rule 59(e) was never intended to apply.

*Id.* at 450-51 (footnote omitted). The Court then quoted a holding from the Fifth Circuit: "[A]
motion for attorney's fees is unlike a motion to alter or amend a judgment. It does not imply a
change in the judgment, but merely seeks what is due because of the judgment. It is, therefore,
not governed by the provisions of Rule 59(e)." *Id.* at 452 (quoting *Knighton v. Watkins*, 616 F.2d
795, 797 (5th Cir. 1980)).

After *White*, the Supreme Court has reiterated that attorneys' fees and costs are collateral
to the merits of a case. *Budinich v. Becton Dickisnson & Co.*, 486 U.S. 196, 200 (1988) ("we
think it indisputable that a claim for attorneys' fees is not part of the merits of the action to which
the fees pertain"); *Buchanan v. Stanships, Inc.*, 485 U.S. 265, 267-68 (1988) ("a request for costs
raises issues wholly collateral to the judgment in the main cause of action, issues to which Rule
59(e) was not intended to apply").

Plaintiffs may argue that the Supreme Court's holdings do not apply where a court has
entered a judgment awarding or denying fees. But two district court decisions demonstrate
otherwise. In *Slep-Tone Entertainment Corp. v. Backstage Bar and Grill*, Case No. 2:11-cv-

8305-ODW, 2013 WL 1196681 (C.D. Cal. Mar. 25, 2013), the District Court for the Central

District of California dismissed the case with prejudice after plaintiffs failed to prosecute their

case and then granted defendants' motion for attorneys' fees. 2013 WL 1196681, at *1. The

plaintiffs then filed a motion for reconsideration under Rule 59(e) and 60(b)(6), arguing that they

were the prevailing party. *Id.* The court cited to *White*, stating that Rule 59(e) "can only be

invoked to reconsider a decision on the merits; it cannot be used to attack an attorney's-fee

award" because that is a collateral issue. *Id.* For this reason and others, the court referred to

plaintiffs' motion for reconsideration as a "procedural impropriety." *See id.*

Similarly, in *Bogan v. City of Boston*, the District of Massachusetts awarded the plaintiffs

attorneys' fees and costs the same day it entered final judgment in the case. Civil Action No. 02-

10522-MBB, 2006 WL 8458101, at *1 (D. Mass. Sept. 15, 2006). Plaintiffs then filed a motion

for reconsideration of the court's award. *Id.* The court determined, based on the Supreme Court's

decisions in *White, Buchanan,* and *Budinich*, that the plaintiffs could not use Rule 59(e) to

challenge the award of attorneys' fees and costs because "attorneys' fees and costs are separate

from a judgment on the merits and [] Rule 59(e) applies only to motions seeking reconsideration

of a decision on the merits." *See id.* at *2.[1]

---

[1] *But see Ramsey v. Colonial Life Ins. Co.*, 12 F.3d 472, 478 (5th Cir. 1994) (holding that "a
motion to reconsider a judgment will be considered a Rule 59(e) motion even where the request
for reconsideration encompasses only that part of the judgment regarding attorney's fees" for the
purposes of determining when a party must appeal). However, as the District of Massachusetts
discussed in *Bogan* (2006 WL 8458101, at *2), subsequent decisions by the Fifth Circuit have
criticized that holding as "in tension" with Supreme Court precedent and abrogated by the 1993
amendment to Federal Rule of Civil Procedure 4 providing that a motion for attorney's fees could
toll the time to file a notice of appeal if the district court extends the time to appeal under Rule
58. *Moody Nat'l Bank of Galveston v. GE Life and Annuity Assurance Co.*, 383 F.3d 249, 251-53
(5th Cir. 2004), *cert. denied*, 543 U.S. 1055 (2005). The court in *Bogan* also denied plaintiffs'
motion for reconsideration "in the alternative" using the Fifth Circuit's reasoning in *Ramsey*.
*Bogan*, 2006 WL 8458101, at *2-3 n.3-4.

The Supreme Court's decisions alone provide sufficient basis to deny Plaintiffs' motion. But even if the Court were to overlook the "procedural impropriety" of Plaintiffs using Rule 59(e) as a basis for the Court to reconsider its judgment (*see Slep-Tone*, 2013 WL 1196681, at *1), Plaintiffs have not shown that reconsideration is appropriate on account of newly discovered evidence, clear error, or manifest injustice. Plaintiffs' arguments regarding newly discovered evidence fail on multiple fronts. Plaintiffs must show the evidence: (1) existed at the time of the trial; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Harley Davidson Credit Corp. v. Turudic*, 3:11-cv-01317-HZ, 2012 WL 5411771, at *2 (D. Or. Nov. 6, 2012) (citing *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)). Plaintiffs cannot make the required showing.

As a preliminary matter, Plaintiffs' application for fees is not "evidence." It does not evidence anything relating to the merits of the case. And, by Plaintiffs' own admission, their fee application did not exist at the time of the "trial." *See* ECF 72 at 2 (stating that their EAJA fee application "could not have been filed before the Court entered judgment"). It was developed by Plaintiffs after the Court dismissed their lawsuit with prejudice on mootness grounds. *See id.* Their fee application also would not "change the disposition of the case" as it has nothing to do with the merits of the suit. *See* Fed. R. Evid. 401(b) (evidence is relevant if "the fact is of consequence in determining *the action*" (emphasis added)); *see also White*, 455 U.S. at 452 (stating that an award of attorneys' fees is separable from the cause of action to be proved *at trial* (emphasis added)). Thus, Plaintiffs have failed on at least two of the three elements necessary to prove that reconsideration is appropriate on the grounds of newly discovered evidence (not to mention the fact that their fee motion is not evidence at all). Plaintiffs' attempts to fit their fee

application into the newly discovered evidence category demonstrates why Rule 59(e) should not be used for fee purposes—fees are collateral to the merits of the lawsuit and Rule 59(e) was never intended to apply in such a situation. *See White*, 455 U.S. at 450-51.

Plaintiffs argue next that the Court committed clear error under Rule 59(e) by entering judgment before the parties could brief the issue of Plaintiffs' entitlement to fees under EAJA.[2] ECF 72 at 2-3. Plaintiffs rely on *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir. 1982), as support for this proposition. *Id.* at 3. But Plaintiffs' reliance on *Moore* is misplaced. In *Moore*, the proceedings before the Ninth Circuit did not relate to plaintiffs moving to reconsider the district court's decision on fees pursuant to Rules 59(e) or 60(b).[3] *See* 682 F.2d at 833. Rather, plaintiffs had appealed the district court's fee decision to the Ninth Circuit. *See id.*[4] The district court also determined that the plaintiffs in *Moore* were entitled to attorneys' fees, but the Ninth Circuit held that the "district court's failure to allow the parties to develop an adequate evidentiary basis for a fee award" (i.e., evidence on the reasonable hours and rates) constituted an abuse of discretion. 682 F.2d at 838. Here, in contrast, the Court determined that no party will be awarded fees and costs. ECF 63 at 1. Therefore, the Court did not make the same error as the district court in *Moore* as there is no need for the parties to develop an "adequate evidentiary basis for a fee award" when no fees are warranted.

Finally, Plaintiffs argue that the Court's denial of fees "will cause a manifestly unjust outcome" under Rule 59(e). ECF 72 at 2. Manifest injustice is any "error in the trial court that is

---

[2] Plaintiffs also assert that the Court committed clear error because Plaintiffs are entitled to fees. That argument is addressed in Section II, below.

[3] The parties in *Moore* had moved to amend the district court's original judgment regarding attorneys' fees and costs. *Id.* The district court then amended its judgment and that is the decision that was appealed to the Ninth Circuit. *Id.*

[4] Plaintiffs here had the same opportunity and have failed to avail themselves of that avenue for relief.

direct, obvious and observable, such as a defendant's guilty plea that is involuntary." *Greenspan v. Fieldstone Fin. Mgmt. Grp., LLC*, 3:17-cv-233-PK, 2018 WL 4945214, at * 6 (D. Or. Aug. 22, 2018) (quoting *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr. C.D. Cal. 2003)); *see also* Black's Law Dictionary 563 (11th ed. 2019) (defining manifest injustice as a "direct, obvious, and observable error in a trial court, such as a defendant's guilty plea that is involuntary or is based on a plea agreement that the prosecution has rescinded"). The phrase "manifest injustice" ordinarily arises in the criminal context. *See, e.g.*, *United States v. Jackson*, 669 F. App'x 544, 545 (11th Cir. 2016) (district court's failure to acknowledge the correct amended guidelines range for sentencing resulted in manifest injustice). In the rare cases it is used in the civil context for Rule 59(e), the situation is starkly different from the present one. *See, e.g.*, *McHenry v. Pacificsource Health Plans*, Case CV-08-562-ST, 2010 WL 11699616, at *3 (D. Or. Aug. 16, 2010) (permitting an insurance carrier to financially benefit from failing to communicate regarding eligibility benefits would be a manifest injustice).

Plaintiffs allege that the Court's denial of fees is manifestly unjust because the Bureau of Land Management ("BLM") has a "pattern" of forcing Plaintiffs to bring the "same meritorious" litigation. ECF 72 at 3 (quoting Roy Decl., ECF 65-9 ¶ 13). As a initial matter, Plaintiffs cannot assert that the denial of fees is manifestly unjust because BLM has taken actions that purportedly "forced Plaintiffs to litigate th[e] same issue[.]" *Id.* at 4. Plaintiffs fail to recognize that the 2016 decision record and EA offered no opportunity to observe the spay procedures, while the 2018 decision record did provide those opportunities, both to Plaintiffs and the public at large. *Compare* ECF 13-2 (2016 EA) *with* ECF 13-1 at 27-29 (2018 EA discussing public observation opportunities). So while Plaintiffs brought a First Amendment claim in both cases, the decision

records were entirely different in each case. Thus, it cannot be said Plaintiffs were forced to litigate the "same" issue or that BLM was repeating the same errors over again.

Furthermore, Plaintiffs assert that they are entitled to fees in this case because they "were not able to recover any of the considerable resources necessary to bring [the 2016] litigation— even though it yielded the outcome Plaintiffs sought." ECF 72 at 3. But it was Plaintiffs' own choice to voluntarily dismiss that litigation. *See Kathrens v. Jewell*, 2:16-cv-1650 (D. Or. 2016), ECF 16 at 2. Plaintiffs even reserved the right to seek attorneys' fees and costs in the dismissal, but never opted to exercise that right. *See id.* Plaintiffs may regret their decision not to seek fees stemming from the 2016 litigation, but the fact is the Court's denial of attorneys' fees and costs in the instant case is not "manifest injustice." *See supra* (cases defining, and finding, manifest injustice).

Finally, Plaintiffs note their "profound[] concern" that they will be forced to bring a similar case against BLM in the future. ECF 72 at 4. However, Plaintiffs' argument suggests that it would be manifestly unjust to deny them fees in this action simply because they might need the money to afford the costs of future litigation. *Id.* This too does not rise to the level of manifest injustice, *see supra*, and is especially egregious because a government action is always presumed to be taken in good faith. *See, e.g.*, *Alaska Airlines v. Johnson*, 8 F.3d 791, 796 (Fed. Cir. 1993) ("There is a presumption that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing regulations.") (quoting *Parsons v. United States*, 670 F.2d 164, 166 (Ct. Cl. 1982)).

Plaintiffs' motion for reconsideration should likewise fail under Rule 60(b). The Supreme Court's reasoning in *White* applies with the same force to Rule 60(b). *See White*, 455 U.S. at 450-51; *Slep-Tone Entm't*, 2013 WL 1196681, at *1 (denying plaintiffs' motion under both Rule

59(e) and 60(b) and referring to the motion as a "procedural impropriety"); *see, e.g.*, *Am. Ironworks & Erectors Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) (A motion for reconsideration "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed within ten days of entry of judgment. . . . Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order.") (internal citation omitted). But even if the Court were to consider Plaintiffs' motion under Rule 60(b), Plaintiffs' fee application does not constitute evidence, let alone newly discovered evidence that warrants reconsideration as discussed above.

Nor can Plaintiffs use the "any other reason justifying relief" provision in Rule 60(b). The provision is only used to prevent manifest injustice that results from an untimely filing. *Alpine Land & Reservoir Co.*, 984 F.2d at 1049. As explained above, the Court's denial of fees comes nowhere close to manifest injustice (especially as Plaintiffs are not entitled to fees at all). *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988) (Rule 60(b)(6) relief was available to a litigant against whom judgment was entered by a judge who had improperly refused to recuse himself); *Klapprott v. United States*, 335 U.S. 601 (1949) (upheld the use of the rule to set aside a default judgment in a denaturalization proceeding because the petitioner had received no trial). Plaintiffs also must show that "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Alpine Land & Reservoir Co.*, 984 F.2d at 1049. Those circumstances do not exist here. *See, e.g.*, *United States v. Holtzman*, 762 F.2d 720 (9th Cir. 1985) (five year delay permissible where litigant reasonably interpreted an injunction to authorize litigant's conduct and timely relief was sought upon notice to the contrary); *J.D. Pharm. Distribs., Inc. v. Save-On Drugs & Cosmetics Corp.*, 893 F.2d

1201, 1207 (11th Cir. 1990) (relief from judgment granted because party was never served with requests for admissions or motion for summary judgment).

Plaintiffs' motion for reconsideration must be denied. Plaintiffs' motion runs afoul of Supreme Court precedent and Plaintiffs have failed to meet their burden of showing that any of the provisions in Rules 59(e) or 60(b) apply here.

## II. Even if the Court were to consider Plaintiffs' Fee Application, Plaintiffs are Not Entitled to Fees

Assuming arguendo that Rule 59(e) were applicable in these circumstances, the Court has not committed a clear error because Plaintiffs are not entitled to fees and costs under EAJA for two reasons.[5] First, Defendants' position on the September 2018 decision record and environmental assessment ("EA"), as well as its litigation position throughout the case, is substantially justified. Second, special circumstances warrant the denial of fees and costs as Plaintiffs unnecessarily protracted the litigation for nearly 16 months after the case became moot, needlessly wasting Defendants' and the Court's limited resources. *See* 28 U.S.C. § 2412(d)(1)(A), (C).

### A. Defendants' Position is Substantially Justified

Plaintiffs cannot recover any fees in this case because Defendants' position was substantially justified. A position is substantially justified if it has a reasonable basis both in law and in fact. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1151 (9th Cir. 2002). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales v. Free Speech Coal.,* 408 F.3d 613, 618 (9th Cir. 2005) (citation omitted). To determine whether the government's position is substantially justified, the Court must examine

---

[5] Defendants will assume for purposes of this motion only that Plaintiffs are a prevailing party and meet the eligibility requirements to recover under EAJA, but reserve the right to contest those questions should the need arise.

the government's overall conduct during the litigation as well as the underlying governmental action at issue. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005); *Al-Harbi*, 284 F.3d 1080, 1085 (9th Cir. 2002). The Court must review the government's position "as an inclusive whole, rather than as atomized line-items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990); *United States v. Rubin*, 97 F.3d 373, 375 (9th Cir.1996). In other words, the Court should not make a claim-by-claim determination as to whether Defendants' position is substantially justified. *See Al-Harbi*, 284 F.3d at 1085.

The substantial justification inquiry is also separate from any decision on the merits of Plaintiffs' claims. Thus, the Court's entry of a preliminary injunction against BLM in no way guarantees Plaintiffs' eligibility for fees. *See Gonzales*, 408 F.3d at 620. Even if the Court had determined that BLM's actions were arbitrary and capricious at the summary judgment stage, that "is not *per se* unreasonable" under EAJA. *Andrew v. Bowen*, 837 F.2d 875, 878 (9th Cir. 1988). Similarly, the government need not "show that it had a substantial likelihood of prevailing" in the litigation to be substantially justified. *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990) (quoting *United States v. First Nat'l Bank of Circle*, 732 F.2d 1444, 1447 (9th Cir. 1984)).

Here, the government's overall position—including "the underlying government action at issue" and the position asserted by the government "in defending the validity of the action in court"—is substantially justified. *Bay Area Peace Navy*, 914 F.2d at 1230 (citation omitted). Plaintiffs do not assert that all of Defendants' positions were substantially unjustified. *See* ECF 72 at 7-10. Indeed, Plaintiffs cannot, as the Defendants prevailed at the motion for preliminary injunction stage on Plaintiffs' claim that BLM's failure to find another research partner after Colorado State University decided not to participate in the spay study violated the

12

Administrative Procedure Act ("APA"). *See* ECF 24 at 2. Moreover, Plaintiffs never even moved for a preliminary injunction on their National Environmental Policy Act ("NEPA") claim, the parties never briefed that issue, and the Court never considered it. *Compare* ECF 1 ¶ 117-19 (bringing NEPA claim) *with* ECF 7 (not addressing the NEPA claim in motion for preliminary injunction). Nor do Plaintiffs contend that Defendants' litigating position was not substantially justified. *See* ECF 72 at 7-10. Rather, Plaintiffs only contend that two of Defendants' underlying decisions were unjustified: (1) that BLM's public observation opportunities complied with the First Amendment; and (2) BLM's decision not to include social acceptability in its September 2018 decision record and EA complied with the APA. ECF 72 at 7-10.

### 1. Defendants' Position on the September 2018 decision record and EA is Substantially Justified

BLM's efforts to comply with the APA and the First Amendment demonstrate that the agency's position on the decision record authorizing the spay study and the accompanying EA is "justified to a degree that could satisfy a reasonable person." *See Pierce*, 487 U.S. at 565. For years, BLM has attempted to solve the rampant overpopulation of wild horses on public lands— which can lead to deterioration of the range, impacts to other species, and the death of wild horses due to starvation and dehydration—with little success. *See* ECF 13 at 5-8. In 2016, BLM issued a decision record authorizing a spay study on horses at the Oregon Wild Horse Corral Facility to determine whether spaying wild mares would be an effective population management tool. *See* ECF 13-2 (2016 EA). While the public could view the horses at the facility during working hours using the self-guided auto tour, BLM did not provide the public with an opportunity to observe the spay procedures, which would occur in the working barn. *See id.* The EA also mentioned that results from the studies could help BLM determine the social

acceptability of the procedures because the studies would quantify the complication rates,

effectiveness, and success rates of various spaying techniques. *See id.* at 51, 54.

On August 15, 2016, Plaintiffs filed a complaint and motion for preliminary injunction in

this Court alleging that the 2016 decision record violated the First Amendment by not allowing

the public to observe the surgical procedures. *See Kathrens v. Jewell*, 2:16-cv-1650 (D. Or.

2016). Before the motion for preliminary injunction could be litigated, BLM's research partner

decided that it would not participate in the study, and BLM withdrew the decision record. *See*

ECF 13 at 10.

Unwilling to give up on finding a potential solution to the overpopulation crisis, BLM

issued a scoping letter in May 2018, notifying the public that the agency was beginning the

process of writing an EA that "would analyze the environmental effects of a proposed research

project involving spaying (ovariectomy) wild horse mares and assessing their behavior outcomes

after collaring and returning them to the range with untreated horses." Attachment A at 1. BLM

invited interested parties to participate in the development of this plan. *Id.* During this scoping

process, BLM received comments requesting that the agency provide an opportunity for the

public to observe the surgeries. In light of these comments and the First Amendment concerns

Plaintiffs raised in the 2016 litigation, BLM included a plan for the public to observe the

surgeries in the June 2018 preliminary EA. ECF 13-8 at 25-26; Attachment B (public

observation protocol). BLM would convert a doorway to an office space in the working barn to a

full-length window to allow the public to view the surgeries. Attachment B at 1. The doorway is

within 15 feet of the working chute where the surgeries were to take place. *Id.* Five people would

have been allowed to observe at a time due to the limited space, but viewing could occur in 2-4

hours shifts if more than five people wanted to observe per day. *Id.* After receiving public

comments, BLM updated the preliminary EA again in August 2018. Attachment C at 27-29. BLM retained all of the public observation opportunities from the previous EA and also stated that the public could photograph and record the procedures from the dedicated observation location (in response to public comments). *Id.* at 27.

After three rounds of public comment, BLM issued the final decision record, EA, and Finding of No Significant Impact in September 2018. ECF 13-4 (decision record); ECF 13-1 (EA). In the September 2018 decision record, BLM retained all of the public observation opportunities from the previous EAs, including the opportunity to photograph and film the surgeries from the dedicated observation location. ECF 13-1 at 27-29.

BLM reasonably believed that its public observation opportunities would satisfy the requirements of the First Amendment for two reasons. First, based on the fact that BLM-managed ovariectomy procedures have never been historically open to either the press or general public, BLM concluded the public does not have a First Amendment right to observe these procedures under the two-part test established by the Supreme Court in *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1, 8-10 (1986). *See* ECF 13 at 15-20. Second, even if the public had a right to observe these procedures, BLM provided observation opportunities to balance such observation with BLM's need to effectively and efficiently perform the procedures in an environment that is safe for horses, BLM employees, contractors, and observers. *Id.* at 20-25.

At the hearing on Plaintiffs' motion for preliminary injunction, the Court determined that "narrowly tailored" means whether "the government denies access in a manner that doesn't advance its interests, then that degree of denial of access represents the degree to which the ban on access is not narrowly tailored." ECF 21 at pg. 56 lines 11-14. However, the Court recognized

that it was going "out on a limb somewhat" because it was not aware of any other cases directly

standing for this conclusion. *Id.* at pg. 56 lines 4-8. The Court also utilized the more limited

"serious questions test" found in *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th

Cir. 2011), instead of solely examining whether Plaintiffs were likely to succeed on the merits of

their claim. *Id.* at pg. 57 lines 13-16. Thus, even though the Court found Plaintiffs were likely to

succeed on the merits of their claim "or, at a minimum, [there were] serious questions going to

the merits", there is a clear lack of precedent and the issue is not clear-cut. *See id.* at pgs. 56-57;

*Kali v. Bowen*, 854 F.2d 329, 332 n.2 (9th Cir. 1988) (suggesting that the fact the Ninth Circuit

had not ruled on an issue may be relevant for substantial justification); *Edwards v. McMahon*,

834 F.2d 796, 803 (9th Cir. 1987) (the fact that "difficult questions" were raised in the litigation

can show that a party is substantially justified); *Dep't of Health Servs. of Cal. v. Sec'y of Health

& Human Servs.*, 823 F.2d 323, 328 (9th Cir. 1987) (holding that a party was substantially

justified because the case presented "novel and difficult issues"). This, combined with BLM's

well-reasoned decision regarding public observation, demonstrates that its actions were

substantially justified under EAJA.

  As for social acceptability, BLM chose not to analyze that issue in the September 2018

EA for the same reasons it did not analyze it in the June or August 2018 EAs. *See* ECF 13-4 at

33. No statute, regulation, manual, or handbook requires BLM to consider the social

acceptability of its proposed actions as part of it NEPA analyses, and analyzing social

acceptability was not part of the purpose and need of the EA. *See* ECF 13 at 26; ECF 13-4 at 33.

In other words, the study was not designed to determine whether the public believed it was

socially acceptable, and therefore the EA did not analyze that issue. ECF 13-4 at 33 ("The

purpose and need of the study does not include determining whether the procedure is socially

acceptable."). Furthermore, BLM is not aware of any EA or environmental impact statement that analyzed the social acceptability of the proposed action besides the 2016 EA. *See* ECF 13 at 27 n. 9. Thus, it was not a change in policy for BLM to reasonably conclude they were not required to analyze social acceptability in the September 2018 EA. *See id.* The Court found, at the motion for preliminary injunction stage, that BLM did not explain why social acceptability was absent from the EA. ECF 21 at pg. 59, lines 6-8. However, such a finding, particularly at the preliminary injunction stage before the Court has the benefit of summary judgment briefing, does not automatically mean that Defendants' position on this issue was unjustified. *See Andrew*, 837 F.2d at 878. Rather, as noted above, BLM's decision on this issue is one on which reasonable minds may differ. *Gonzales*, 408 F.3d at 618. Therefore, Defendants' position was substantially justified.

In sum, BLM engaged with the public multiple times, attempted to address the public's comments and concerns, learned from its past experiences with the 2016 litigation, and developed decision documents that a reasonable person could conclude would comply with the law. Therefore, even assuming Plaintiffs are prevailing parties in the action, they would not be entitled to attorneys' fees and costs under EAJA, as BLM's September 2018 decision record and EA were substantially justified.

## 2.    Defendants' Litigation Position is Substantially Justified

While Plaintiffs have focused on two narrow issues adjudicated during the preliminary stage of the litigation, the standard for substantial justification is also whether the government's position on the whole was reasonable. As discussed above, Defendants had reason to believe that the September 2018 decision record was lawful and should be vigorously defended. This conclusion was bolstered by the fact that (prior to this Court entering a preliminary injunction),

no court had ever addressed whether BLM must provide the public with an opportunity to observe spay procedures, and if so, what observation opportunities must be afforded. Similarly, to Defendants' knowledge, no court has ever adjudicated whether BLM is required to address social acceptability in its EA relating to wild horse management. Therefore, Defendants' litigation position—including that the observation opportunities provided by the agency satisfied the First Amendment and BLM's decision to not assess social acceptability complied with the APA—was substantially justified as it related to the motion for preliminary injunction. *See Kali*, 854 F.2d at 332 n.2; *Or. Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir.1987) (absence of adverse precedent is relevant for determination of substantial justification); *Armster v. U.S. Dist. Court for the Cent. Dist. of Cal.* 817 F.2d 480, 483 (9th Cir. 1987) (party was substantially justified as there was "no case law directly to the contrary").

Likewise, Defendants' litigation position was substantially justified after the preliminary injunction phase, despite Plaintiffs' nearly 16-month long effort to prolong the litigation after the September 2018 decision record was vacated and the case became moot. First, it was reasonable for Defendants to engage in settlement negotiations with Plaintiffs after the Interior Board of Land Appeals ("IBLA") vacated the September 2018 decision record and it became clear that BLM could not move forward with the spay study authorized in the decision record. *See* ECF 32 at 2 (stating that the parties were engaged in settlement discussions). Second, it was reasonable for Defendants to file a motion to dismiss Plaintiffs' case on mootness grounds after settlement discussions proved unfruitful. *See* ECF 36. Third, it was reasonable for Defendants to oppose Plaintiffs' motion to stay the case indefinitely given that the case was moot. *See* ECF 44. Fourth, it was reasonable for Defendants to move to lift the indefinite stay approximately nine months after Plaintiffs moved for a stay and six months after the Court granted it. ECF 55. Finally, it was

reasonable for Defendants to move to defer briefing on Plaintiffs' application for fees until the Court had resolved the present motion. ECF 67. The Court agreed with Defendants that the stay should be lifted, Plaintiffs' case was moot, and that briefing should be deferred on Plaintiffs' motion for fees. ECF 62; ECF 71. Defendants' litigation position was substantially justified throughout the process—both prior to and  after the preliminary injunction proceedings—and Plaintiffs cannot obtain attorneys' fees and costs.

### B.    Plaintiffs are Not Entitled to Fees Due to Special Circumstances

A federal court must also deny fees under EAJA where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In explaining the "special circumstances" exception, the House Report accompanying EAJA stated that it "gives the court discretion to deny awards where equitable considerations dictate an award should not be made." H.R. Rep. No. 96-1418, at 11, reprinted in 1980 U.S.C.C.A.N. 4984, 4990. EAJA thus "explicitly directs a court to apply traditional equitable principles in ruling upon an application for counsel fees by a prevailing party." *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983). Another provision of EAJA provides that the Court may deny or reduce a fee award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The Supreme Court has suggested that this provision refers to "unreasonably dilatory conduct." *See Jean*, 496 U.S. at 161.[6]

---

[6] The Supreme Court stated that "absent unreasonably dilatory conduct by the prevailing party in 'any portion' of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." *Id.* (quoting 28 U.S.C. § 2412(d)(2)(D)). While the Supreme Court was referring to a court *reducing* a fee award for dilatory conduct, EAJA also allows a court to deny a fee award altogether. *See* 28 U.S.C. § 2412(d)(1)(C).

In this case, these two provisions of EAJA coincide. The special circumstances that warrant the denial of fees is that Plaintiffs protracted the final resolution of this case. The IBLA vacated the September 2018 decision record on November 26, 2018. ECF 36-1. As explained in Defendants' motion to dismiss, since that day, this case has been moot. ECF 36 at 7-9; ECF 62 (Court granting motion to dismiss "for the reasons stated in Defendants' briefing and on the record"). Nevertheless, Plaintiffs kept this moot case alive nearly 16 months after the IBLA's decision. Plaintiffs' delay in recognizing that the case is moot forced Defendants to expend significant government resources from BLM, the Solicitor's Office, and the Department of Justice to continue litigating the case. Therefore, it would have been reasonable for the Court to deny Plaintiffs attorneys' fees and costs on this ground as well.

## CONCLUSION

Plaintiffs' amended motion for reconsideration must be denied.


Dated: June 5, 2020

Respectfully submitted,

JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 307-6623
Fax: (202) 305-0275
kaitlyn.poirier@usdoj.gov

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on June 5, 2020, a true and correct copy of the above document was

electronically filed with the Clerk of Court using the CM/ECF system, which will send

notification of this filing to the attorneys of record.

> */s/ Kaitlyn Poirier*
> KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
> U.S. Department of Justice
> Environment and Natural Resources Division
> Wildlife and Marine Resources Section
> Ben Franklin Station, P.O. Box 7611
> Washington, D.C. 20044-7611
> Tel: (202) 307-6623
> Fax: (202) 305-0275
> kaitlyn.poirier@usdoj.gov
>
> Attorneys for Defendants