William Nicholson Lawton, OSB 143685
nick@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (202) 556-1243

William S. Eubanks II, admitted *pro hac vice*
bill@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (970) 703-6060

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | | |
|---|---|---|
| GINGER KATHRENS, et al., | ) | Case No. 3:18-cv-01691-MO |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' AMENDED** |
| | ) | **APPLICATION FOR FEES,** |
| v. | ) | **COSTS, AND OTHER EXPENSES** |
| | ) | **UNDER THE EQUAL ACCESS** |
| DAVID BERNHARDT, et al., | ) | **TO JUSTICE ACT** |
| | ) | |
| Defendants. | ) | |

## **MOTION**

Pursuant to this Court's Order of August 4, 2020, Plaintiffs submit this Amended Application for Fees, Costs, and Other Expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Plaintiffs respectfully move the Court for an award of $171,988.32 in costs, fees, and other expenses for time spent in this litigation leading up to and including the Court's issuance of a preliminary injunction, as well as time spent litigating the fee recovery phase of this case (including Plaintiffs' successful amended reconsideration motion). As

i

described in the attached memorandum, this Court has determined that Plaintiffs are entitled to receive a fee award, which necessarily includes two findings: (1) that Plaintiffs are eligible for such an award and are "prevailing parties;" and (2) that the position of the Bureau of Land Management ("BLM") in this litigation was not substantially justified. Furthermore, because Plaintiffs are entitled to an EAJA award, they are also entitled to recover compensation for the time spent securing a fee award—especially since Plaintiffs were successful in requesting, over the government's objection, that the Court reconsider its earlier judgment that Plaintiffs were not entitled to recover any fees in this matter. In support of this motion, Plaintiffs submit the attached legal memorandum, along with supporting declarations from counsel, Plaintiffs, and experienced District of Oregon practitioners. Pursuant to Local Rule 7-1(a)(1), Plaintiffs conferred with Defendants, who do not consent to this motion and anticipate filing a response.[1]

Respectfully submitted,

*/s/ William N. Lawton*
William N. Lawton
nick@eubankslegal.com
Oregon Bar No. 143685

William S. Eubanks II
(*admitted* pro hac vice)
bill@eubankslegal.com
D.C. Bar No. 987036

Eubanks & Associates LLC
1331 H Street NW, Suite 902
Washington, DC 20005
(202) 556-1243

Counsel for Plaintiffs

---

[1] In compliance with this Court's Order of August 4, 2020, Plaintiffs do not seek compensation for time or costs between the Court's issuance of the preliminary injunction and the dismissal of this case. Plaintiffs reserve their right to appeal the Court's denial of fees for that time.

ii

**MEMORANDUM IN SUPPORT**

**I.  THIS COURT HAS DETERMINED THAT PLAINTIFFS ARE ENTITLED TO AN EAJA FEE AWARD**

On August 4, 2020, this Court held that it "will award Plaintiffs fees and costs pursuant to EAJA." ECF No. 75. Although the Court also stated it would not award fees for all time spent in this case, the Court's holding that it "will award fees and costs pursuant to EAJA" entails certain findings that are statutory prerequisites to such an award. Thus, this Court has concluded that Plaintiffs meet EAJA's applicable size and net worth criteria. *See* 28 U.S.C. § 2412(d)(1)(B); *see also* 2d Lawton Declaration ¶ 3. Likewise, this Court has already established that Plaintiffs are "prevailing parties" under EAJA. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (finding that a party prevails if it "succeed[s] on any significant issue in the litigation which achieves some of the benefit the parties sought in bringing the suit.")

Moreover, by holding that it "will award fees and costs pursuant to EAJA," ECF No. 75, the Court necessarily found that the government's position in this litigation was not substantially justified. *See Comm'r, INS v. Jean*, 496 U.S. 154, 158–59 (rejecting the government's argument that it "may assert a 'substantial justification' defense at multiple stages of an action" and instead "conclu[ding] that only one threshold determination for the entire civil action is to be made"); *see also id.* at 159 n.7 (noting that Congress intended "a single evaluation of past conduct").

**II.  PLAINTIFFS' FEES, COSTS, AND OTHER EXPENSES ARE REASONABLE**

EAJA provides that a court shall award "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "By and large, the court should defer to the winning lawyer's

1

professional judgment as to how much time he was required to spend on the case[.]" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

      A.      **Plaintiffs Achieved Excellent Results**

"Where a plaintiff has obtained excellent results, [its] attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. To identify excellent results, "the district court should focus on the significance of the overall relief obtained by the plaintiff." *Id.* Here, Plaintiffs secured an injunction prohibiting BLM from conducting spay experiments before the Court could resolve claims on which Plaintiffs were likely to succeed. ECF No. 21. This relief safeguarding Plaintiffs' First Amendment rights and ensuring that BLM would assess the humaneness and social acceptability of these experiments are indisputably excellent results. *See Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 717 (9th Cir. 2013) ("[W]hen a plaintiff wins a preliminary injunction and the case is rendered moot before final judgment . . . the preliminary injunction ended up affording all the relief that proved necessary.").

Moreover, the preliminary injunction led BLM to abandon the experiments Plaintiffs challenged. ECF No. 36-1, at 2. Notably, the cancellation of spay experiments that Plaintiffs believe are inhumane and socially unacceptable is an outcome that Plaintiffs long sought in comments submitted to BLM. *See*, *e.g.*, ECF No. 7-12 at 2 (Plaintiff comments stating that "BLM should reject this [spay] procedure as part of its management plan"); ECF No. 7-13 at 3 (Plaintiff comments stressing that "BLM should not proceed with the [spay] study"). Accordingly, the fact that Plaintiffs' success in obtaining a preliminary injunction led to the cancellation of these experiments—an outcome for which Plaintiffs had long advocated— reinforces that Plaintiffs achieved excellent results. Thus, Plaintiffs "should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435.

### B.     <u>**Plaintiffs Expended a Reasonable Number of Hours**</u>

A fully compensatory fee "encompass[es] all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. Thus, Plaintiffs are entitled to compensation "for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982). The hours submitted by counsel are presumptively reasonable. *See Gates v. Gomez*, 60 F.3d 525, 534–35 (9th Cir. 1995).

The number of hours spent by Plaintiffs' counsel in this case is reasonable given the duration and complexity of the case, the opposition of the Defendants, and the quality of counsels' work. Becker Decl. ¶¶ 3, 22–37, Eubanks Decl. ¶ 7; Glitzenstein Decl. ¶ 5; 2d Lawton Decl. ¶¶ 8, 30–34; Lewis Decl. ¶ 4; Meyer Decl. ¶ 5. In particular, the time "spent on briefing and securing the preliminary injunction that effectively protected the wild horses from undergoing sterilization experiments was also reasonable, and even perhaps modest for preparing briefing and evidence necessary to obtain an injunction." Becker Decl. ¶ 27. Indeed, the number of hours spent on securing the preliminary injunction is in line with, or below, other time expenditures that this Court has approved as reasonable in similar circumstances. *Id.*

Although several attorneys contributed to the preliminary injunction motion, their work was not redundant or duplicative. It is common for a preliminary injunction, which must be prepared on a tight timeline, to divide the tasks of preparing briefs and exhibits among several attorneys. This practice was especially necessary in this case, because Plaintiffs' lead counsel's mother died while he was preparing the opening preliminary injunction brief. 2d Lawton Decl. ¶

6 n.1. At all times, Plaintiffs' counsel avoided any unnecessary or duplicative work as part of this team approach. Becker Decl. ¶¶ 35–36; Eubanks Decl. ¶¶ 3–4; 2d Lawton Decl. ¶¶ 6–7.[2]

  C. **Plaintiffs are Seeking Reasonable Hourly Rates**

Courts use a three-part test to evaluate whether market rates above EAJA's statutory cap are proper: (1) "the attorney must possess distinctive knowledge and skills developed through a practice specialty;" (2) "those distinctive skills must be needed in the litigation;" and (3) "those skills must not be available elsewhere at the statutory rate." *Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1158 (9th Cir. 2008); *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991); 28 U.S.C. § 2412(d)(2)(A). Plaintiffs' attorneys amply satisfy these criteria.

In public interest cases, courts must make certain that attorneys are paid the full value that their efforts would receive on the open market. *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984) (public interest attorneys entitled to rates charged by corporate attorneys); *Hensley*, 461 U.S. at 447 (same); *Moreno*, 534 F.3d at 1111 (courts should "compensate counsel at the prevailing rate in the community for similar work; no more, no less"). "Environmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496.

Plaintiffs submit declarations from respected litigators in this district with decades of experience in legal practice: David Becker and David Bahr. They attest that the rates charged by Plaintiffs' counsel are within the range of reasonable rates awarded to counsel of "comparable skill, experience and reputation" in Portland. *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005). Bahr. Decl. ¶¶ 13–31; Becker Decl. ¶¶ 38–68.

---

[2] Plaintiffs also exercised significant billing discretion by not seeking fee recovery for various categories of likely compensable time, including time spent by Plaintiffs' in-house lawyers, and various time entries that Plaintiffs' counsel have excluded (or reduced) from its fee application. *See* 2d Lawton Decl. ¶¶ 31–33. This further underscores the reasonableness of the hours sought.

Fee petitions also must address the 2017 Oregon State Bar Economic Survey ("OSB Survey"). *See* Local Rule 54-3(a), *Practice Tip*; Becker Decl. ¶¶ 40–41. For Portland attorneys in the "Real Estate/Land Use/ Environmental Law" practice area, the inflation-adjusted hourly rates in 2020 range from a mean of $445.15 per hour to $682.26 per hour for attorneys at the 95th percentile. Becker Decl. ¶¶ 40–45 (explaining OSB Survey rates). Thus, Mr. Lawton's rates ranging from $320 to $385 per hour, Ms. Lewis's rate of $265 per hour, Mr. Eubanks's rates ranging from $370 to $430 per hour, Ms. Meyer's rates of $665 to $675 per hour, and Mr. Glitzenstein's rate of $655 per hour, are all very reasonable in light of each counsel's experience and specialized expertise. *Id.* ¶¶ 46–58; Bahr Decl. ¶¶ 13–30.

Moreover, the OSB Survey likely underestimates the market rates for environmental law specialists such as Plaintiffs' counsel. Among other reasons, the Survey does not reflect an environmental litigation practice specialty, does not account for the scarcity of attorneys in this specialized practice area, fails to address any aspect of the skill and standing of the attorney or his/her reputation, and fails to address other special factors such as the novelty and complexity of the issues or the quality of the representation. *See League of Wilderness Defenders/Blue Mtns. Biodiversity Proj. v. U.S. Forest Serv.*, No. 3:10-cv-01397-SI, 2014 WL 3546858, at *15 (D. Or. July 15, 2014) (OSB Survey does "not encompass the highly specialized practice of federal environmental litigation"); Bahr Decl. ¶¶ 15–24; Becker Decl. ¶¶ 44–45. Plaintiffs' attorneys' skills were necessary—indeed, crucial—to their success in this litigation, and attorneys with comparable skills were not available at the EAJA statutory rate. Kathrens Decl. ¶¶ 6–8; 2d Lawton Decl. ¶ 8; Liss Decl. ¶¶ 7–12; Roy Decl. ¶¶ 7–17. Thus, Plaintiffs' hourly rates—which are substantially lower than market rates in their home markets, 2d Lawton Decl. ¶ 40—are reasonable.

### D.      Plaintiffs Seek Recovery of Reasonable Costs and Expenses

EAJA authorizes recovery of "costs" enumerated at 28 U.S.C. § 1920 (including copies and printing), *id*. § 2412(a)(1), and also "fees and other expenses." *Id*. § 2412(d)(1)(A). "Other expenses" include expenses "ordinarily billed to a client," such as postage and attorney travel expenses. *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986). Plaintiffs seek $3,399.52 in such expenses. 2d Lawton Decl. ¶ 42 and Exhibits D–E.

## III.    PLAINTIFFS ARE ENTITLED TO COMPENSATION FOR TIME SPENT IN LITIGATION OVER FEES

Because "a fee award presumptively encompasses all aspects of the civil litigation," plaintiffs are ordinarily eligible to recover compensation for time spent litigating fee recovery under EAJA. *Jean*, 496 U.S. at 161. This Court's August 4, 2020 Order did not explicitly address whether a fee award would include compensation for time spent seeking fees. Likewise, because the Court previously instructed that briefing on Plaintiffs' Amended Motion for Reconsideration should include "[n]o references to fee amounts, calculations, or estimates," ECF No. 71, none of the briefing on that motion addressed this issue. Because this Court's August 4, 2020 Order held that Plaintiffs are entitled to an EAJA fee award, which "presumptively encompasses all aspects of the civil litigation," *Jean*, 496 U.S. at 161, Plaintiffs do not believe that the Court intended to deny fees for time spent successfully litigating Plaintiffs' entitlement to fee recovery, which resulted in the Court reconsidering its prior judgment in a manner favorable to Plaintiffs. *See id.* at 162 ("'Denying attorneys' fees for time spent in obtaining them would dilute the value of a fees award by forcing attorneys into extensive uncompensated litigation in order to gain any fees.'") (quoting *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979)).

### A.      All Time Spent on the Fees Issue Was Reasonable

A plaintiff is entitled to compensation "for every item of service which, at the time

6

rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Moore*, 682 F.2d at 839. All time spent by counsel during the fee recovery phase of this litigation was reasonable, prudent, and necessary to advance Plaintiffs' interests.

Plaintiffs' preparation and filing of their initial EAJA application—as required by EAJA—was reasonable and prudent. Indeed, Defendants "recognize[d] that the Equal Access to Justice Act require[d] Plaintiffs to file an application for attorneys' fees and costs within 30 days of the Court entering final judgment." ECF No. 67 at 3 n.1; *see also Jean*, 496 U.S. at 162 (noting the government's concession that "time spent preparing the EAJA fee application . . . is 'necessary for the preparation of the party's case'") (quoting 28 U.S.C. § 2412(d)(2)(A)).

Likewise, Plaintiffs reasonably filed a motion for reconsideration of the Court's initial denial of fees alongside Plaintiffs' initial fee petition. Because the Court's original judgment stated that there would be "no award of attorney fees, costs, or prevailing party fees to any party," ECF No. 63, a motion for reconsideration was essential to Plaintiffs' reasonable efforts to obtain compensation to which they are entitled under EAJA. Because Plaintiffs filed their opening fee application concurrently, which explained the basis for a fee award, it was also reasonable for Plaintiffs not to reiterate all of the explanations for their entitlement to a fee award in their motion for reconsideration, which also further ensured efficiency by Plaintiffs' counsel.

Defendants then filed a motion to defer briefing on Plaintiffs' EAJA fee petition, necessitating a response. Plaintiffs explained, as would any similarly situated party, that their fee application and motion for reconsideration posed intertwined issues and thus requested that the Court consider those two motions together. ECF No. 70. The Court granted Defendants' motion, but also granted Plaintiffs' request that intertwined issues be considered together, ordering Plaintiffs to "submit an Amended Motion for Reconsideration of the Judgment, which should

contain all legal arguments necessary for the court to decide the motion, including all relevant legal arguments made in the Application for Fees Pursuant to EAJA." ECF No. 71.

Plaintiffs complied with the Court's Order, submitting an Amended Motion for Reconsideration, and then submitting a reply to Defendants' opposition to that amended motion. The Court granted Plaintiffs' Amended Motion for Reconsideration in part, ordering Plaintiffs to file the present amended Application for Fees. ECF No. 75.

Each of Plaintiffs' steps in their effort to recover fees to which they are entitled under EAJA would have been necessary regardless of which particular time entries Plaintiffs sought compensation for. The Court's original judgment allowed "no award of attorney fees", ECF No. 63, and Defendants have consistently opposed Plaintiffs' recovery of *any* fees. *See*, *e.g.*, ECF No. 73 at 25 (suggesting that "Plaintiffs cannot obtain attorneys' fees and costs"). Accordingly, each step taken by Plaintiffs in litigation over fees was necessary to Plaintiffs' success in establishing entitlement to *any* fees under EAJA. Accordingly, that the Court has denied Plaintiffs fees for some of the time spent in this case, ECF No. 75, does not afford any basis for reducing compensation for time spent on fee litigation. To the contrary, because each of Plaintiffs' steps in seeking fees "would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest," Plaintiffs are entitled to recover for all of the time spent during this phase of litigation. *Moore*, 682 F.2d at 839; *see also* 2d Bahr Decl. ¶¶ 4–5; Becker Decl. ¶ 33.

The number of hours Plaintiffs have expended in fee litigation is entirely reasonable. Plaintiffs have expended roughly 155 hours in fee litigation. This figure includes time spent preparing an opening EAJA fee petition, a supporting memorandum, and extensive declarations in support of the petition. It also include times spent on a motion for reconsideration and

8

supporting memorandum, as well as time expenditures made necessary by Defendants' filings and this Court's orders, including an opposition to Defendants' motion to defer briefing on the fee petition, an amended reconsideration motion and supporting memorandum, and a reply in support of that amended reconsideration motion. As a result, Plaintiffs have prepared five significant briefs and detailed declarations and other supporting materials in roughly 155 hours. In comparison, this Court has previously approved as reasonable "183.2 hours of fees-on-fees time" for only an opening EAJA petition and a reply. Becker Decl. ¶ 33 (citing *Native Fish Soc'y v. NMFS*, No. 12-431-HA, Opinion & Order (Dkt # 331)). In sum, Plaintiffs have litigated the fee issue effectively and efficiently, and are entitled to recover for all fee litigation time.

      **B.**    **Plaintiffs' Excellent Results Reinforce the Propriety of a Fully Compensatory Award for Time Spent Litigating Over Fees**

As discussed above, Plaintiffs' excellent results in this case—namely obtaining a preliminary injunction preserving their constitutional rights and safeguarding a reasoned decision-making process, which also led to the cancellation of inhumane wild horse sterilization experiments as Plaintiffs had long sought—entitles Plaintiffs to "a fully compensatory fee." *Hensley*, 461 U.S. at 435. Plaintiffs have been forced to expend resources litigating over fees for the time spent securing the preliminary injunction, both as a result of this Court's initial denial of fees in this case and as a result of Defendants' consistent efforts to deny Plaintiffs' entitlement to any fees. Moreover, at the Court's instruction, the briefing in this fee litigation has, until now, not focused on "fee amounts, calculations, or estimates," ECF No. 71, instead focusing on Plaintiffs' entitlement to any fees. As such, all of the time Plaintiffs expended litigating over fees was necessary in order to recover fees for the time spent securing a preliminary injunction in this matter. Accordingly, a fully compensatory award for the time spent securing a preliminary injunction must compensate Plaintiffs for the time spent in fee litigation.

## IV.     ANY FURTHER REDUCTION IN FEES WOULD BE INEQUITABLE

Although district courts have "discretion in making th[e] equitable judgment" about the size of a fee award, *Hensley*, 461 U.S. at 437, this Court has already exercised its discretion by denying Plaintiffs fees for a significant portion of this case. This Court's August 4, 2020 Order denies recovery for 145.9 hours, which is roughly a third of the time spent on the merits phase of the case. *See* 2d Lawton Decl. Ex. G. Additionally, even for the portion of the case for which the Court has awarded fees, Plaintiffs have exercised billing judgment or sought a reduced rate, resulting in appropriate deductions for another roughly 27 hours. 2d Lawton Decl. Ex. F.

Any further reduction in a fee award would not be equitable. As Plaintiffs have explained, this case constitutes the second time that Plaintiffs have been forced to seek a preliminary injunction against effectively the same unlawful government conduct. *See* ECF No. 74 at 14–15. Plaintiffs remain extremely concerned that they may not be able to afford to litigate the same issues for a third time if they cannot recover a sufficiently compensatory award in this case.[3] Congress enacted EAJA to avoid this outcome. *See* Congressional Findings and Purposes, note following 5 U.S.C. § 504 (noting that EAJA aims to ensure that litigants will not "be deterred from seeking review of . . . unreasonable governmental action because of the expense involved in securing the vindication of their rights"). Any further reduction of fees would be contrary to this fundamental purpose of EAJA.

## CONCLUSION

Plaintiffs respectfully request that the Court grant Plaintiffs' motion and award $171,988.32 (as further revised in Plaintiffs' reply), pursuant to EAJA, 28 U.S.C. § 2412(d).

---

[3] As Plaintiffs explained, ECF No. 74 at 16, this concern is realistic, because BLM recently authorized the same type of experiment that Plaintiffs challenged in both 2016 and 2018.

10

11

Respectfully submitted,

*/s/ William N. Lawton*
William N. Lawton
nick@eubankslegal.com
Oregon Bar No. 143685

William S. Eubanks II
(*admitted* pro hac vice)
bill@eubankslegal.com
D.C. Bar No. 987036

Eubanks & Associates LLC
1331 H Street NW, Suite 902
Washington, DC 20005
(202) 556-1243

Counsel for Plaintiffs

11