William Nicholson Lawton, OSB 143685
nick@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (202) 556-1243

William S. Eubanks II, admitted *pro hac vice*
bill@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (970) 703-6060

Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION


| | | |
|---|---|---|
| GINGER KATHRENS, et al., | ) | Case No. 3:18-cv-01691-MO |
| | ) | |
| Plaintiffs, | ) | **SECOND DECLARATION OF** |
| | ) | **WILLIAM N. LAWTON IN SUPPORT** |
| v. | ) | **OF PLAINTIFFS' AMENDED** |
| | ) | **APPLICATION FOR AN AWARD OF** |
| DAVID BERNHARDT, et al., | ) | **FEES, COSTS, AND EXPENSES** |
| | ) | |
| Defendants. | ) | |

I, William N. Lawton, declare as follows:

1.      I am an attorney admitted to practice law in the State of Oregon and in this Court.

I make this declaration based upon my own personal knowledge and if called upon to testify,

could and would do so competently.

2.      I am submitting this declaration in support of the amended application by Ginger

Kathrens, The Cloud Foundation, American Wild Horse Campaign, Animal Welfare Institute,

and Carol Walker (collectively, "Plaintiffs") for an award of costs, attorneys' fees, and other expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the above-captioned case. Plaintiffs are prevailing parties in this case, which alleged that the Bureau of Land Management ("BLM") violated Plaintiffs' rights under the First Amendment to the U.S. Constitution, violated the Wild Free-Roaming Horses and Burros Act ("Wild Horse Act"), and violated the National Environmental Policy Act ("NEPA") and Administrative Procedure Act ("APA") in unreasonably limiting the public's right to observe and document experiments that BLM planned to perform to sterilize wild horses.

3.      Plaintiffs The Cloud Foundation, American Wild Horse Campaign, and Animal Welfare Institute are non-profit organizations, as defined by 26 U.S.C. § 501(c)(3), with fewer than 500 employees. Plaintiffs Ginger Kathrens and Carol Walker are individuals whose net worth is less than $2,000,000. Each of these entities and individuals has submitted declarations attesting to these facts that are filed along with Plaintiffs' EAJA application. *See* Kathrens Decl. ¶¶ 2–3; Liss Decl. ¶ 6; Roy Decl. ¶ 2; Walker Decl. ¶ 2. Therefore, Petitioners are eligible for attorneys' fees under EAJA. *See* 28 U.S.C. § 2412(d)(2)(B).

4.      Although I am a member of the Oregon bar and litigate complex environmental, open government, and related public interest cases in many federal appellate and trial courts around the United States, I am also a member of the D.C. Bar and practice law in Washington, D.C. for the public interest law firm Eubanks & Associates, PLLC ("E&A") where I am a Senior Associate. Prior to July 1, 2019, I was an Associate for the public interest law firm Meyer Glitzenstein & Eubanks LLP ("MGE"), which is a predecessor firm to Eubanks & Associates, LLC and which shared the same type of nation-wide practice.

5.    Throughout this litigation (as well as during the similar case that Plaintiffs filed in 2016 before BLM abandoned its original decision to spay wild mares), I served as lead counsel for Plaintiffs. Although my mother passed away during the course of preliminary injunction briefing in late 2018—which necessitated assistance from several other attorneys at my law firm to whom I delegated discrete tasks—I have served as lead counsel, with full responsibility and authority, including exercising billing judgment, throughout this litigation.

6.    Throughout this litigation, pursuant to our institutional billing policies my colleagues and I have contemporaneously compiled the hours spent litigating this matter.[1] I attach our firm's time records to this declaration as **Exhibit A** (time spent at MGE), **Exhibit B** (time spent at E&A prior to the fee stage), and **Exhibit C** (time spent at E&A during the fee stage), with the exception of fee counsel David Becker and David Bahr, whose time records are attached to their respective declarations. **Exhibit D** to my declaration includes a record of Plaintiffs' costs and other expenses incurred at MGE, and **Exhibit E** to my declaration includes a record of Plaintiffs' costs and other expenses incurred at E&A. Pursuant to this Court's August 4, 2020 Order, Plaintiffs are not seeking compensation for time spent or costs incurred between the Court's entry of the preliminary injunction in this case and the dismissal of this case, and the corresponding entries in the attached exhibits are documented using the ~~strikethrough~~ tool.

---

[1] Plaintiffs are not seeking compensation for the time I spent on this case during the week of my mother's passing. During that time, I spent time on emails with attorneys in my firm to ensure that they had access to, and understanding of, my detailed notes regarding the claims in this litigation and were properly using the framework I provided to generate a high-quality preliminary injunction motion and supporting materials, as well as reviewing drafts of the materials before they were filed. However, due to the need to attend to family issues and due to distraction associated with grief, I did not contemporaneously track this time. Accordingly, while I estimate that I may have spent roughly five to ten hours during that week on this case, Plaintiffs are not seeking compensation for that time, which underscores the reasonableness of the amount Plaintiffs are seeking and reinforces that no unnecessarily duplicative work was conducted during this litigation.

7.     Throughout this case, I have exercised professional judgment in recording time and reviewing time recorded by other attorneys and law clerks at our firm, including by eliminating any unnecessarily duplicative entries. As lead counsel, I have also reviewed the work of all other attorneys and law clerks that have worked on this case and have reviewed their time records prior to preparing this declaration. After carefully reviewing my time entries for this case, as well as the entries for my co-counsel and law clerks, it is my professional opinion that the total amount of time Plaintiffs seek through this petition is extremely reasonable given the amount of work performed and the excellent result obtained.

8.     My co-counsel and I are entitled to market rates above the EAJA statutory rate because of our unique expertise and experience in environmental law and litigation, administrative law, and federal courts practice. The specialized knowledge and skills I possess were necessary for this case and were not available to Plaintiffs at the EAJA rate. In fact, because all of Plaintiffs' attorneys who participated in this case practice in larger, more costly legal markets—Washington, D.C.—the Portland market rates sought by Plaintiffs in this case are eminently reasonable given that courts often award Plaintiffs' counsel and comparable attorneys far higher market rates in the markets where these lawyers physically reside and routinely practice.

## **QUALIFICATIONS**

9.     I obtained a Bachelor of Arts degree in English, *cum laude*, from Pomona College in 2006. I obtained both my J.D., *magna cum laude*, in 2013 and my LL.M. in Environmental Law, *summa cum laude*, from Lewis & Clark Law School, where I earned many distinctions such as a Certificate in Environmental and Natural Resources Law (as well as a Certificate in Intellectual Property Law) and the Dean's Scholarship for Excellence, and served for two years

as the Form & Style Editor and as a board member of the Animal Law Review. While obtaining these two law degrees, I completed various clerkships and externships relevant to my current legal specialties, including as a Law Clerk for the U.S. Department of Justice's Environmental Enforcement Section, a Law Clerk for Earthrise Law Center at Lewis & Clark Law School, and an Energy Fellow at the Green Energy Institute at Lewis & Clark Law School. After obtaining my LL.M., I spent one year as a Staff Attorney at the Green Energy Institute at Lewis & Clark Law School.

10.     I have been an active member of the State Bar of Oregon since 2014, and I am admitted to practice law in the U.S. District Court for the District of Oregon and the U.S. Court of Appeals for the Ninth Circuit. I am also an active member in the following jurisdictions: the District of Columbia Bar; the U.S. District Court for the District of Columbia; the U.S. Court of Appeals for the District of Columbia Circuit; the U.S. District Court for the Western District of New York; the U.S. District Court for the Eastern District of Wisconsin, and the U.S. Court of Appeals for the Sixth Circuit. I have also been admitted to practice *pro hac vice* in various federal district courts throughout the country.

11.     I am Senior Associate for the public interest law firm Eubanks & Associates, LLC and prior to that was an Associate at the predecessor public interest law firm Meyer Glitzenstein & Eubanks LLP. Founded in 1993, MGE—and now E&A—is a law firm that litigates complex environmental, animal, open government, and other related matters in federal courts around the country for conservation, scientific, and other public interest organizations and individuals. MGE hired me as an Associate in 2015, and I was promoted to the position of Senior Associate at E&A in 2019.

12.    During my 7 years of practice, I have developed expertise in environmental and public interest litigation, administrative law and process, trial and appellate court practice and procedure, fee recovery, and also client counseling. I have been lead counsel or co-counsel in many federal cases raising complex legal issues, including actions in various federal district and appellate courts. Listed below are notable, representative cases in which I have served as lead counsel or co-counsel, which demonstrate the variety of federal environmental laws and agency decisions on which I have successfully worked for clients:

- *People for the Ethical Treatment of Animals v. U.S. Dep't of Agric.*, 918 F.3d 151 (D.C. Cir. 2019) (reversing district court's dismissal of FOIA case concerning the U.S. Department of Agriculture's removal of online records pertaining to animal welfare laws)

- *Oak Ridge Environmental Peace Alliance v. Perry*, 412 F. Supp. 3d 786 (E.D. Tenn. 2019) (vacating several Department of Energy decisions and environmental analyses under NEPA and the APA for failing to adequately examine the seismic risks associated with storage and use of nuclear materials at a national security facility in Tennessee)

- *Ctr. for Biological Diversity v. Bernhardt*, No. 3:18-cv-359-MO, Minute Order (D. Or. June 11, 2019) (Mosman, J.) (granting summary judgment for plaintiffs concerning their challenges under the Endangered Species Act and APA to the U.S. Fish and Wildlife Service's refusal to list the Streaked horned lark)

- *Nev. Ass'n of Counties v. U.S. Dep't of Interior*, 868 F. App'x 407 (9th Cir. 2017) (dismissing challenge by counties seeking to compel BLM to permanently remove wild horses from federal public lands in Nevada under the APA)

- *Am. Wild Horse Pres. Campaign v. Zinke*, 1:16-cv-1-ELJ, 2017 WL 4349012 (D. Idaho 2017) (vacating the decision in BLM's Jarbidge Resource Management Plan to sterilize an entire wild horse herd in Idaho)

- *Western Rangeland Conservation Ass'n v. Zinke*, 265 F. Supp. 3d 1267 (D. Utah 2017) (successfully defending BLM's plan for managing wild horse populations in Utah as an intervenor against claims seeking to compel the agency to remove horses from public and private lands)

- *Kathrens v. Jewell*, 2:16-cv-1650-SI (D. Or. Sept. 9, 2016) (Simon, J.) (jointly dismissing challenge to wild horse spay experiments after BLM voluntarily vacated its decision in response to the filing of a lawsuit and preliminary injunction motion)

13.     My cases, including the non-exhaustive list provided above, have routinely involved NEPA, the APA, and federal wildlife laws including the Wild Horse Act and the Endangered Species Act, as well as many other federal statutes and regulations aimed at environmental conservation, animal welfare and protection, open government, public health, and consumer safety. Central to my practice as an environmental litigator is a comprehensive understanding of administrative law, including the APA and FOIA.

14.     I note in particular that I have litigated many cases concerning the legality of BLM's wild horse management techniques and programs, which have routinely involved claims brought under the Wild Horse Act, NEPA, and the APA. Several of those successful cases are described above, and I am also actively involved in four other wild horse cases (excluding this matter)—one in the D.C. Circuit, one in the U.S. District Court for the Eastern District of California, one in the U.S. District Court for the District of Utah, and one in the U.S. District Court for the District of Columbia. Our firm—which has a nationally recognized specialization in environmental, wildlife, and related public interest litigation matters—has an especially distinguished track record in wild horse litigation in federal courts around the country. Since 2011, our firm has secured a legal victory or favorably settled fourteen separate wild horse lawsuits in the D.C. Circuit, the Tenth Circuit, the Ninth Circuit, and various federal district courts located within those circuits. During that same time frame, our firm has lost only one wild horse case (although one is currently pending on appeal in the D.C. Circuit). Accordingly, it is well established within the environmental law community that our firm and its attorneys are preeminent legal experts on wild horse management issues and the relevant legal issues that arise in this context under the Wild Horse Act, NEPA, the First Amendment, and the APA.

15.     I have been an invited speaker at conferences on environmental law and public interest litigation issues. I have also been invited to guest lecture on environmental law topics at Harvard Law School and Georgetown Law School. I have also published articles on topics in environmental law, including one that won an award from the American Bar Association Public Lands Section. *See* William N. Lawton, *Utah's Transfer of Public Lands Act: Demanding a Gift of Federal Lands*, 16 Vt. J. Envtl. L. 1 (2014).

16.     As explained in more detail below, Plaintiffs are seeking rates of $320-$385 per hour for my time spent in this matter. These are reasonable rates for an attorney of my experience and specialized expertise in environmental law and litigation, and in wild horse legal issues in particular. These rates are far lower than the market rates charged in my home jurisdiction of Washington, D.C. by attorneys of comparable skill and expertise.

## OTHER COUNSEL

17.     As lead counsel in this action, I have supervised or been closely involved in our firm's legal and other staffing decisions throughout this case. In this section, I will briefly describe co-counsel who assisted with the litigation.

18.     **Elizabeth L. Lewis (J.D. 2015)** is an Associate at E&A. Prior to this role, she was an Associate for MGE after completing a highly selective one-year Knauss Marine Policy Fellowship at the National Oceanic and Atmospheric Administration. During law school—where Ms. Lewis graduated *summa cum laude* and was inducted into the Order of the Coif—Ms. Lewis focused her coursework, clerkships, and legal training on environmental, wildlife, and administrative law, and worked for Oceana, the Environmental Law Institute, EPA's Office of Administrative Law Judges, NOAA General Counsel's International Section, and MGE. Since graduating law school, Ms. Lewis has spent her career litigating complex environmental,

wildlife, public lands, administrative, and other public interest cases in federal courts around the country. Ms. Lewis has won or favorably settled several lawsuits as lead counsel, including a groundbreaking victory in a challenge to the U.S. Forest Service's artificial elk feeding program in the Bridger-Teton National Forest (which unnecessarily spreads disease among the Jackson elk herd). *See Western Watersheds Proj. v. Christiansen*, 348 F. Supp. 3d 1204 (D. Wyo. 2018). Ms. Lewis is lead counsel in another wild horse case against BLM that is currently being briefed on appeal in the D.C. Circuit. Ms. Lewis teaches Marine and Coastal Environmental Law, as well as the Environment and Energy Law Research Seminar, at American University Washington College of Law, and she has published a law review article on environmental law topics.

19.     As explained in more detail below, Plaintiffs are seeking rates of $265 per hour for time spent by Ms. Lewis in this matter. These are reasonable rates for an attorney of her experience and specialized expertise in environmental law and litigation. These rates are far lower than the normal market rates charged in her home jurisdiction of Washington, D.C. by attorneys of comparable skill and expertise.

20.     **William S. Eubanks II (J.D. 2007)** is the Owner & Managing Attorney at E&A, and prior to that role he was a name Partner at MGE. Mr. Eubanks has compiled a distinguished track record in environmental and administrative law, with a particular emphasis on complex appellate and trial court litigation in public lands, wildlife, and natural resources matters. He has won dozens of federal cases, including multiple appeals in both the D.C. Circuit and the Tenth Circuit. Among his many notable litigation victories, Mr. Eubanks has been involved in thirteen of our firm's fourteen wild horse legal victories and thus is widely considered a leading expert on wild horse management issues, in addition to his specialty in NEPA, Wild Horse Act, and APA

matters (among other legal areas). As Owner & Managing Attorney at E&A, Mr. Eubanks has served as lead counsel or co-counsel in essentially all of the nearly three dozen successful cases listed on our firm's representative case list (plus many other cases not included on that list), which is attached as an exhibit to Mr. Eubanks' declaration. Mr. Eubanks has received numerous distinctions such as the 2019 Law360 Rising Star in Environmental Law award which recognizes the top five environmental attorneys under age 40 in the nation. He has also taught advanced environmental law courses at George Washington University School of Law, American University's Washington College of Law, and Vermont Law School, and he has co-authored and published an environmental law textbook and has also published more than a dozen law review articles on environmental and administrative law topics.

21.    As explained in more detail below, Plaintiffs are seeking rates of $370-$430 per hour for time spent by Mr. Eubanks in this matter. These are reasonable rates for an attorney of his experience and specialized expertise in environmental law and litigation, and in wild horse legal issues in particular. These rates are far lower than the market rates charged in the Washington, D.C. market where he regularly practices by attorneys of comparable skill and expertise.

22.    **Katherine A. Meyer (J.D. 1976)** is the Director of the Harvard Law School Animal Law and Policy Clinic. Prior to this role, Ms. Meyer served as a founding Partner of MGE for 26 years, after a distinguished public interest litigation tenure at Public Citizen Litigation Group and then the public interest law firm Harmon, Curran, & Gallagher. Ms. Meyer, along with her long-time law partner Eric Glitzenstein, is widely recognized as a pioneer in the environmental, animal, open government, and related public interest law fields, and has obtained numerous distinctions such as the 2013 Kerry Rydberg Award for Environmental Activism

(along with Mr. Glitzenstein), as well as being consistently selected a "Top Attorney" by *The Washington Post Magazine*. In her illustrious 44-year legal career, Ms. Meyer has been lead counsel or co-counsel in hundreds of federal lawsuits and she has won myriad precedent-setting cases in federal appellate and trial courts throughout the country, including the seminal D.C. Circuit standing case that successfully established Article III standing for individuals challenging the treatment of captive wildlife. *See Animal L. Def. Fund v. Glickman*, 154 F.3d 426 (D.C. Cir. 1998 (en banc). With a longstanding focus on captive animal welfare and wildlife protection, Ms. Meyer has litigated dozens of cases involving the Wild Horse Act and other federal wildlife laws, as well as numerous cases involving NEPA and the APA. Ms. Meyer served as lead counsel or co-counsel in more than half of the fourteen successful wild horse cases brought by our firm since 2011. In addition to her stellar litigation record, Ms. Meyer has testified before Congress on a variety of public interest topics, and is a frequent featured speaker at environmental and animal law conferences. In addition to her current role directing the Harvard Animal Law and Policy Clinic, Ms. Meyer previously taught Civil Litigation and Public Interest Advocacy at Georgetown University Law Center.

23.    As explained in more detail below, Plaintiffs are seeking rates of $665-$675 per hour for time spent by Ms. Meyer in this matter. These are reasonable rates for an attorney of her experience and specialized expertise in environmental law and litigation, and in wild horse legal issues in particular. These rates are far lower than the market rates charged in her home jurisdiction of Washington, D.C. by attorneys of comparable skill and expertise.

24.    **Eric R. Glitzenstein (J.D. 1981)** is the Director of Litigation at the Center for Biological Diversity. Prior to this role, Mr. Glitzenstein served as a founding Partner of MGE for 26 years, after a distinguished public interest litigation tenure at Public Citizen Litigation Group

and then the public interest law firm Harmon, Curran, & Gallagher, following his clerkship for the Honorable Thomas Flannery in the U.S. District Court for the District of Columbia. Mr. Glitzenstein, along with his long-time law partner Ms. Meyer, is widely recognized as a pioneer in the environmental, animal, open government, and related public interest law fields, and has obtained numerous distinctions such as the 2013 Kerry Rydberg Award for Environmental Activism (along with Ms. Meyer). In his 39-year legal career, Mr. Glitzenstein has been lead counsel or co-counsel in hundreds of federal lawsuits and he has won precedent-setting cases in federal appellate and district courts throughout the country. He has also argued three cases in the U.S. Supreme Court. With a longstanding focus on environmental and wildlife protection, Mr. Glitzenstein has litigated dozens of cases involving federal wildlife laws, as well as numerous cases involving NEPA and the APA. In addition to his extensive litigation record, Mr. Glitzenstein has testified before Congress on a variety of public interest topics, and is a frequent featured speaker at environmental and animal law conferences. Mr. Glitzenstein previously taught Civil Litigation and Public Interest Advocacy at Georgetown University Law Center, and has published law review articles on environmental and administrative law topics.

25.     As explained in more detail below, Plaintiffs are seeking a rate of $655 per hour for time spent by Mr. Glitzenstein in this matter. This is a reasonable rate for an attorney of his experience and specialized expertise in environmental law and litigation. This rate is far lower than the market rate charged in his home jurisdiction of Washington, D.C. by attorneys of comparable skill and expertise.

## Outside Consultants

26.     Because our firm had not previously litigated attorney fees in the District of Oregon, I also engaged the services of two respected public interest attorneys who practice

primarily in this Court—**David Becker (J.D. 1999) and David Bahr (J.D. 1990)**—to provide advice and guidance on this Court's practices and precedents involving EAJA awards, along with declaration testimony in support of Plaintiffs' application for costs, fees, and other expenses under EAJA. Securing the advice and recommendations of these experienced practitioners saved significant time (and therefore cost to the Defendants) for preparing this application. Each of these attorneys describes their qualifications in their separate declarations filed concurrently with Plaintiffs' amended EAJA application. Attorney time for service as fee counsel is recoverable, as is time for counsel who serve as moot court panelists. *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823–24 (9th Cir. 2009) (attorney time spent in a consulting role that is an "integral part of the litigation process" is recoverable); *Pollinator Stewardship Council v. EPA*, 2017 WL 3096105, *13 (9th Cir. June 27, 2017) ("attorneys reasonably spent significant time conducting two moot courts in preparation for oral argument in a case as important as this one"); *Or. Natural Desert Ass'n v. Bureau of Land Mgmt.*, 223 F. Supp. 3d 1147, 1155 (D. Or. 2016) (award for fee declarants).

## **Law Clerks**

27.    Through our law firm, Plaintiffs also benefitted from the efforts of a student law clerk named Katrina Tomacek. This clerk—who devoted her law school coursework, clerkships, and training to public interest environmental and administrative law—assisted Plaintiffs' counsel in this matter with legal research at my direction.

28.    Because of the public interest nature of our law firm, our corresponding limited budget for overhead, and the consequent lack of any paralegal or administrative assistant, attorneys must sometimes conduct tasks that would ordinarily be performed by a paralegal or administrative assistant in a larger firm setting. I have extensively reviewed all of our firm's time

reports in this matter, and have identified certain tasks performed by attorneys for which Plaintiffs are only seeking at paralegal/law clerk rates (rather than the applicable attorney's Portland market rates). These time entries are detailed in **Exhibit F** to this declaration.

29.     As explained in more detail below, Plaintiffs are seeking rates of $175 per hour for time spent by paralegals and law clerks in this matter, as well as time spent by attorneys that would have been handled by a paralegal or law clerk in a larger firm setting. These are reasonable rates for paralegals and law clerks in the Portland market. These rates are lower than the normal market rates charged in our firm's home jurisdiction of Washington, D.C. by paralegals and law clerks of comparable skill and expertise.

## HOURS REQUESTED

30.     As noted, pursuant to our firm's institutional billing policies, my co-counsel and I contemporaneously compiled the time that we each spent litigating this action. Those time records prior to the fee litigation stage are attached as **Exhibit A** and **Exhibit B** to this declaration. Our firm's time records related to this fee litigation to date are attached to this declaration as **Exhibit C.** Throughout this case, I have exercised professional billing judgment in recording my time and in reviewing time records entered by all of my co-counsel in this litigation. In carefully reviewing all of our firm's time records in preparing this fee petition, I eliminated or reduced time spent on, among other things, media work, any unnecessarily duplicative work, FOIA requests related to the claims at issue, review of records released by BLM under FOIA, and other tasks. I note that although some such work may be compensable, Plaintiffs are willing to forgo seeking recovery for this time as part of this fee litigation. As explained above, I reduced certain tasks performed by our firm's attorneys which were necessary to the case, but which, in a larger firm, are ordinarily performed by paralegals or law clerks, to

14

the paralegal/law clerk rate of $175 per hour. Moreover, I have not charged for purely clerical tasks. As explained, E&A does not have a paralegal or other administrative assistant, but we do sometimes retain student law clerks. Time entries that are excluded from the fee petition or for which Plaintiffs seek recovery at a reduced rate are redacted (using the ~~strikethrough~~ tool) and annotated in red in the timesheets provided in **Exhibits A–C**, and are additionally detailed in **Exhibit F**. Likewise, time excluded under this Court's August 4, 2020 Order are documented using the ~~strikethrough~~ tool in these exhibits. Likewise, time entries excluded under this Court's August 4, 2020 Order are also documented separately in **Exhibit G.**[2]

31.     Importantly, Plaintiffs are not seeking to recover for any time spent on the first lawsuit they brought in 2016 challenging essentially the same BLM action to experiment on wild mares using ovariectomy via colpotomy. *See Kathrens v. Jewell*, 2:16-cv-1650-SI (D. Or. Sept. 9, 2016). In that case, Plaintiffs—a collection of limited-resource non-profit organizations and individuals—had to spend considerable resources hiring our firm to analyze potential legal claims; draft and file a Complaint; prepare a preliminary injunction motion, memorandum in support, and many supporting exhibits; and negotiate the dismissal of that case once BLM agreed to vacate its decision. In total, Plaintiffs' counsel and law clerks spent nearly 175 hours in that lawsuit—and incurred tens of thousands of dollars in litigation-related expenses—which Plaintiffs are not seeking to recover in this fee litigation even though applicable precedent indicates that at least some, if not all, of that time is compensable because it reduced the amount of time spent developing nearly identical legal claims in the Complaint and successful preliminary injunction briefing in this lawsuit. The fact that Plaintiffs reasonably could seek— but are not seeking—to recover for this substantial amount of time (and costs) underscores the

---

[2] For example, Plaintiffs are not seeking to recover for the 0.59 hours Mr. Lawton spent on 10/9/18 booking travel arrangements for the preliminary injunction hearing.

eminent reasonableness of the fee application filed by Plaintiffs, especially since BLM forced Plaintiffs to unnecessarily litigate a substantially similar action after withdrawing it once before in response to Plaintiffs' preliminary injunction motion.

32.    Plaintiffs are also not seeking recovery for the substantial time spent on this matter—cumulatively resulting in more than 100 hours discussing legal strategy, reviewing drafts of pleadings, and preparing lead counsel for oral argument—by Plaintiffs' in-house attorneys, including Brieanah Schwartz (American Wild Horse Campaign), Johanna Hamburger (Animal Welfare Institute), Nadia Adawi (Animal Welfare Institute), and Bethany Cotton (Animal Welfare Institute). This further reinforces the reasonableness of Plaintiffs' fee application.

33.    I have carefully reviewed the contemporaneous time records in this matter entered by all of Plaintiffs' attorneys and law clerks. To date, after applying significant billing discretion, "no charging" many otherwise compensable tasks, and applying certain reductions—and not including any time spent between the entry of the preliminary injunction and the dismissal of this case, pursuant to this Court's Order of August 4, 2020—for purposes of the fee application each timekeeper has spent the following amount of time on this case[3]:

- Mr. Lawton: 224.19 hours

- Mr. Eubanks: 85.68 hours

- Ms. Lewis: 72.10 hours

- Ms. Meyer: 23.54 hours

- Mr. Glitzenstein: 2.67 hours

---

[3] Because Plaintiffs' counsel will spend additional time preparing their reply in support of their fee application, Plaintiffs will update their final number of hours spent and costs and expenses incurred (and thus the total amount sought in the fee application) in their reply brief.

- Paralegal/Law Clerks (or Attorneys billed at paralegal/law clerk rates): 11.09 hours

- Mr. Lawton time related to travel, reduced by 50% ($160 per hour reduced from $320 per hour): 9.0 hours

34.    In my professional judgment as lead counsel throughout this lawsuit, the amount of time spent by Plaintiffs' counsel successfully litigating this case is extremely reasonable under the circumstances, and, in fact, likely resulted in far less time than would otherwise have been spent on this matter due to the development of nearly identical preliminary injunction briefing in the earlier case against BLM before it withdrew the previous spay decision. In my experienced opinion, the time sought for recovery in this matter is not unnecessarily duplicative, related to purely clerical tasks, or otherwise non-compensable. In fact, because Plaintiffs are not seeking hundreds of hours of compensable time—including any time for Plaintiffs' in-house attorneys or any time related to the first lawsuit in which counsel initially developed the legal theories successfully applied to this case—it is my view that Plaintiffs' fee application is eminently reasonable under the circumstances, and further underscores the appropriateness of a fully compensatory award in the amount sought.

## **HOURLY RATES**

35.    In the Ninth Circuit, the EAJA rate of $125 per hour is adjusted upward to account for cost-of-living increases since 1996. Based on this calculation, that court publishes the "Statutory Maximum Rates Under the Equal Access to Justice Act" on its website.[4] *See also Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005) (describing how to calculate cost-

---

[4] U.S. Court of Appeals for the Ninth Circuit, *Statutory Maximum Rates Under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php? pk_id=0000000039 (last visited Mar. 12, 2020).

of-living increases using CPI-U data from the Bureau of Labor Statistics). The rates over the last

several years are: $201.60 for 2018; $205.25 for 2019; and $206.77 for the first half of 2020.

36.     In addition to the cost-of-living adjustment, EAJA provides that a court may

award enhanced rates if a "special factor, such as the limited availability of qualified attorneys

for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). In the Ninth

Circuit, enhanced rates are justified if three requirements are satisfied: "First, the attorney must

possess distinctive knowledge and skills developed through a practice specialty. Secondly, those

distinctive skills must be needed in the litigation. Lastly, those skills must not be available

elsewhere at the statutory rate." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991). The Ninth

Circuit recognizes that "[e]nvironmental litigation is an identifiable practice specialty that

requires distinctive knowledge." *Id*.

37.     All of Plaintiffs' attorneys for which recovery is sought—myself included—

possess the distinctive knowledge and specialized skills necessary to claim a practice specialty in

environmental and natural resources law and litigation, as described in detail above. All of

Plaintiffs' counsel have worked exclusively in this field since starting their respective legal

careers. All of Plaintiffs' counsel have handled numerous important public interest

environmental lawsuits in federal trial and appellate courts around the county involving the

application of NEPA, the APA, Wild Horse Act, and other relevant statutes. This case required

our firm's attorneys' particularized knowledge of these statutes as they apply to wild horse

management. It is indisputable not only that Plaintiffs' counsels' particularized knowledge and

expertise was indispensable to the excellent results obtained, but also that counsels'

exceptionally deep knowledge in this subject matter and legal specialty significantly reduced the

amount of time required to successfully litigate this case resulting in substantial efficiencies for Plaintiffs throughout this lawsuit.

38.     In light of their distinctive knowledge and skills, and their reputation and expertise, the requested rates for Plaintiffs' counsel—which, once again, are significantly lower than the actual rates charged by attorneys of comparable skill and experience in the jurisdictions where these counsel actually reside and practice law—are as follows:

| ATTORNEY | YEAR | RATE | YEARS OF EXPERIENCE |
|---|---|---|---|
| Mr. Lawton | 2020 | $385 | 7 |
| | 2019 | $330 | 6 |
| | 2018 | $320 | 5 |
| | | | |
| Mr. Eubanks | 2020 | $430 | 13 |
| | 2019 | $385 | 12 |
| | 2018 | $370 | 11 |
| | | | |
| Ms. Lewis | 2018 | $265 | 3 |
| | | | |
| Ms. Meyer | 2019 | $675 | 43 |
| | 2018 | $665 | 42 |
| | | | |
| Mr. Glitzenstein | 2018 | $655 | 38 |

39.     Since I started practicing environmental law in 2013, I have become familiar with the work and billing practices of many attorneys who practice environmental law in the Pacific Northwest and throughout the districts that make up the Ninth Circuit, as well as in other federal circuits. I regularly review relevant court decisions, undertake my own independent research, and correspond with colleagues regarding the market rates for lawyers with similar skill and

experience. In preparing this declaration and fee application, I have also consulted extensively with federal environmental law practitioners who practice exclusively or primarily in this Court (including David Becker and David Bahr) to further inform my understanding of reasonable rates in the Portland market for attorneys of comparable skill, expertise, and particularized knowledge. I have also reviewed the most recent Oregon State Bar Survey, including the mean rates and ranges for environmental law work in the Portland market.

40.    Based on my work on and review of this case, and my personal knowledge of attorney billing practices in the Portland market, I believe that the hourly rates listed above are very reasonable for attorneys of comparable skill and experience for this type of case in Portland, Oregon. If anything, the rates Plaintiffs are requesting are somewhat below Portland market rates that are charged by attorneys of comparable skill and experience. And, as explained above, the rates sought by Plaintiffs in this matter are far below the rates charged by attorneys of comparable skill and experience in the Washington, D.C. market where Plaintiffs' counsel maintain their offices and practice law. Indeed, the rates sought in this litigation are below the rates that our firm routinely utilizes in fee negotiation with the U.S. Department of Justice, which frequently results in settlements awarding substantial recovery of fees and costs by our clients in public interest litigation.

41.    When the amount of time reasonably spent in this case is applied to the reasonable hourly rates sought, it results in a total attorneys' fees (including paralegal/law clerk fees) amount of $168,588.80, as depicted below. The hours reflected in the table below do not include any hours which Plaintiffs have excluded from the fee petition due to billing judgment—which are detailed in **Exhibit F**—and the table separately presents time for which Plaintiffs seek compensation at a paralegal rate or at a rate reduced by 50%.

| Attorney | Year | Rate | Hours | Amount Claimed |
|---|---|---|---|---|
| Mr. Lawton | 2020 | $385 | 103.28 | $39,762.80 |
| | ~~2019~~ | ~~$330~~ | ~~71.73~~ | ~~$23,670.90~~ |
| | 2018 | $320 | 120.91 | $38,691.20 |
| | | | | |
| Mr. Eubanks | 2020 | $430 | 52.65 | $22,639.50 |
| | ~~2019~~ | ~~$385~~ | ~~6.21~~ | ~~$2,390.85~~ |
| | 2018 | $370 | 33.03 | $12,221.10 |
| | | | | |
| Ms. Lewis | 2018 | $265 | 72.10 | $19,106.50 |
| | | | | |
| Ms. Meyer | ~~2019~~ | ~~$675~~ | ~~7.95~~ | ~~$5,336.25~~ |
| | 2018 | $665 | 23.54 | $15,654.10 |
| | | | | |
| Mr. Glitzenstein | 2018 | $655 | 2.67 | $1,748.85 |
| | | | | |
| Mr. Becker | 2020 | $525 | 20.00 | $10,500.00 |
| | | | | |
| Mr. Bahr | 2020 | $555 | 8.80 | $4,884.00 |
| | | | | |
| Paralegal Time | | $175 | 11.09 | $1,940.75 |
| 50% Deducted Time | 2018 | $160 (reduced from $320) | 9.00 | $1,440.00 |
| **TOTAL HOURS AND AMOUNT** | | | **457.07** | **$168,588.80** |

## COSTS AND OTHER EXPENSES

42.     As detailed in **Exhibit D** and **Exhibit E** to this declaration, Plaintiffs seek

$3,399.52 for copying, postage, filing fees, and other recoverable costs and expenses. These

costs and other expenses are reasonable, were necessary for the preparation of Plaintiffs' case,

and are typical of the types of costs that are routinely charged to clients in everyday practice.

Plaintiffs' counsel regularly recover for such costs and expenses through fee negotiation with the

U.S. Department of Justice and/or through fee litigation in federal courts.

## **CONCLUSION**

43.     As documented above, Plaintiffs are entitled to recovery of $168,588.80 in attorneys' fees and $3,399.52 in costs and expenses, for a total award for costs, fees, and other expenses of $171,988.32.

44.     I attest that all of the information submitted to the Court in support of Plaintiffs' fee application is accurate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 17th day of August, 2020.          Respectfully submitted,

                                              */s/ William N. Lawton*
                                              William N. Lawton

                                              Counsel for Plaintiffs

## LIST OF EXHIBITS TO LAWTON DECLARATION

- Exhibit A: Time Reports from Meyer Glitzenstein & Eubanks, LLP……………………24

- Exhibit B: Time Reports from Eubanks & Associates, LLC – before fee phase………..41

- Exhibit C: Time Reports from Eubanks & Associates, LLC – fee phase………………55

- Exhibit D: Cost and Expense Report from Meyer Glitzenstein & Eubanks, LLP………84

- Exhibit E: Cost and Expense Report from Eubanks & Associates, LLC………………87

- Exhibit F: Time Excluded from Fee Application or Sought at Reduced Rates…………89

- Exhibit G: Time Excluded from Fee Application Under Court Order…………………92

Exhibit A:

Time Reports from Meyer Glitzenstein & Eubanks, LLP

| 10/22/19 | Meyer Glitzenstein Eubanks LLP | Page 1 |
| 5:56 PM | Attorneys Fees for the Court - Split Combined | |

---

### Selection Criteria

| Slip.Classification | Open |
|---|---|
| User.Selection | Exclude: Office |
| Slip.Slip Type | Time |
| Clie.Selection | Include: AWHC-Burns Spay Experiment; AWI - Burns Spay Experiment; Cloud - Burns Spay Experiment |

---

| Date | User | Description | Hours |
|---|---|---|---|

---

<u>User: BE</u>

| Date | User | Description | Hours |
|---|---|---|---|
| 9/18/2018 | BE | Call with NL re: legal strategy and timeline for reviewing litigation docs | 0.45 |
| 9/20/2018 | BE | Reviewing draft complaint; emailing revised version to NL with my edits and recommendations | 2.59 |
| 9/20/2018 | BE | Call with NL to discuss standing issues and other strategy questions for complaint | 0.32 |
| 9/21/2018 | BE | Call with NL to discuss logistics and strategy for filing complaint and subsequent PI motion | 0.44 |
| 9/23/2018 | BE | Talking with KM about division of labor on PI motion and memo | 0.25 |
| 9/24/2018 | BE | Drafting APA argument section (4 hours, 53 min); emailing to LL to incorporate into opening PI brief (5 min) | 4.97 |
| 9/24/2018 | BE | Emailing KM, LL< and BS re: strategy, timeline, and division of labor on PI briefing | 0.30 |
| 9/24/2018 | BE | Reviewing decision document, EA, FONSI, and other relevant background materials in preparation of drafting PI arguments under the APA | 2.44 |
| 9/25/2018 | BE | Continued drafting of APA arguments (last two subsections) (7 hour, 14 min); emailing to co-counsel (5 min) | 7.32 |
| 9/26/2018 | BE | Call with DOJ lawyers re: case and timing (30 min); preparing and filing two summonses (35 min); calling and emailing process server for US Atty in Oregon (40 min); emailing with clients and co-counsel re: various matters in this case including conveying DOJ's position (1 hour, 40 min) | 3.42 |

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 9/27/2018 | BE | Reviewing and revising draft motion and draft memo for preliminary injunction, and emailing revised version to LL and KM | 3.30 |
| 10/2/2018 | BE | Emailing with NL re PHV motion | 0.37 |
| 10/4/2018 | BE | Reviewing and revising draft request for a PI hearing | 0.25 |
| 10/11/2018 | BE | Reviewing letter re: observation and advising NL re: edits | 0.37 |
| 10/25/2018 | BE | Reviewing and revising draft reply brief (2 hour, 15 min); emailing suggested edits to NL (10 min) | 2.42 |
| 10/26/2018 | BE | Call with Nick re: IBLA delay and exhibit to reply brief | 0.20 |
| 10/30/2018 | BE | Reviewing spay PI briefs in advance of moot court discussion with NL | 1.84 |
| 10/31/2018 | BE | Moot court discussion with NL re: upcoming oral argument on PI motion | 1.09 |
| 11/2/2018 | BE | Call with NL to discuss PI victory and the court hearing | 0.27 |
| 11/8/2018 | BE | Reviewing draft opp to DOJ's motion to stay entry of PI order, and emailing edits to NL | 0.42 |
| ~~11/29/2018~~ | ~~BE~~ | ~~Call with NL and KM to discuss next steps with litigation in light of IBLA decision~~ | ~~0.75~~ |
| ~~11/30/2018~~ | BE | ~~Reviewing detailed email to clients re: options for proceeding vs. settling and providing input~~ | ~~0.40~~ |
| ~~2/1/2019~~ | ~~BE~~ | ~~Reviewing DOJ's email re: new NEPA document, conferring with NL re: same by phone, reviewing draft email to DOJ re: same, reviewing draft email to clients re: same~~ | ~~0.92~~ |
| ~~3/18/2019~~ | BE | ~~Reviewing govt's settlement offer (10 min); emailing NL and then talking by phone about next steps in light of offer (25 min)~~ | ~~0.59~~ |
| ~~3/21/2019~~ | BE | ~~Call with Nick and DOJ lawyer about potential dismissal settlement~~ | ~~0.40~~ |

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| ~~5/2/2019~~ | ~~BE~~ | ~~Reviewing draft MTD and sending suggested edits in revised version to NL~~ | ~~1.37~~ |
| ~~5/24/2019~~ | ~~BE~~ | ~~Reviewing revised opp to MTD, and two other related documents; sending all back to NL with edits~~ | ~~0.59~~ |
| ~~5/30/2019~~ | ~~BE~~ | ~~Call with NL to discuss DOJ proposal and request for written assurance re: 2018 claims~~ | ~~0.42~~ |
| ~~6/12/2019~~ | ~~BE~~ | ~~Reviewing opp to stay and reply to MTD, and talking to NL about next steps and strategy~~ | ~~0.92~~ |
| ~~6/14/2019~~ | ~~BE~~ | ~~Discussing strategy re: stay reply with NL and KM~~ | ~~0.45~~ |

Total: BE

~~39.84~~  33.03

**User: EG**

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 10/31/2018 | EG | Prepare for argument discussion with NL etc.; have discussion | 2.67 |

Total: EG

2.67

**User: KM**

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 9/12/2018 | KM | discussion of new spay case | 0.42 |
| 9/13/2018 | KM | review of email to clients re new spay litigation | 0.17 |
| 9/14/2018 | KM | meeting with clients re new spay case; discussion with NL re same | 1.34 |
| 9/20/2018 | KM | Discussions with NL re Complaint and claims | 0.67 |
| 9/24/2018 | KM | review of complaint in prep for PI drafting; and reviewing notes from NL re same | 0.83 |
| 9/25/2018 | KM | Review of Roy Decl; sending email to AWI re need for Declaration | 0.50 |
| 9/26/2018 | KM | Work on PI memo - drafting declarations; editing APA section; drafting introduction | 6.50 |
| 10/2/2018 | KM | discussions with NL | 0.25 |

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 10/19/2018 | KM | Discussion with NL re reply brief and whether to include supplemental declarations | 0.42 |
| 10/22/2018 | KM | Discussion with NL re Reply; reading briefs to help with reply | 1.67 |
| 10/24/2018 | KM | Review and edit of reply brief - merits only | 3.17 |
| 10/25/2018 | KM | Review and edit of reply brief - equities; discussion with NL re same | 3.00 |
| 10/25/2018 | KM | Review and edit of reply brief - equities; discussion with NL re same | 1.50 |
| 10/31/2018 | KM | Prep for and doing moot court | 1.92 |
| 11/5/2018 | KM | REview of proposed order granting PI; discussions with NL re same | 0.50 |
| 11/6/2018 | KM | editing Letter re water catchments; review of 2009 HMAP to find citation for same | 0.59 |
| 11/7/2018 | KM | discussions with NL re gov't offer of settlement and dismissal | 0.34 |
| 11/9/2018 | KM | discussion with NL re oppotion to government motion to stay | 0.34 |
| 11/29/2018 | KM | Discussion with NL re response to govt withdrawing | 0.50 |
| 12/10/2018 | KM | Conference call with clients re next steps; and discussion with NL re same; review of email to DOJ re settlement (10 min) | 1.00 |
| 1/28/2019 | KM | Discussion with NL re status and relief | 0.34 |
| 1/31/2019 | KM | review of materials; discussion with law clerk | 0.50 |
| 2/1/2019 | KM | discussion with NL re gov't response to settlement; reviewing complaint re options for moving forward, etc. | 0.59 |
| 3/21/2019 | KM | review of completing settlement offers; discussion with NL; call with clients; | 1.09 |
| 4/1/2019 | KM | reading gov't MTD and discussing with co-counsel | 0.75 |

Billing Judgment

28

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| ~~5/1/2019~~ | ~~KM~~ | ~~Review and edit of opposition to motion to dismiss~~ | ~~2.42~~ |
| ~~5/15/2019~~ | ~~KM~~ | ~~Review of draft EA docs; discussion with NL and BE re how to proceed with both present case (25 min) and new challenge~~ | ~~1.92~~ |
| ~~6/17/2019~~ | ~~KM~~ | ~~Discussion with NL and BE re status and our positio~~ | ~~0.34~~ |

Total: KM

~~32.08~~    23.54

User: Lizzie Lewis

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 9/13/2018 | LL | Call with Nick to discuss upcoming PI including logistics of drafting complaint, basics of potential claims (1st Amendment, APA, NEPA) | 0.22 |
| 9/14/2018 | LL | Call to discuss spay litigation, which claims to bring in PI, logistics, declarations (w/ clients, Nick, and Kathy) | 1.13 |
| 9/18/2018 | LL | PI chat with Nick re: drafting logistics and research help for 1st amendment claims (20 min); chat with Nick re: APA claims - discuss strengths and weaknesses of argument (10 min) | 0.50 |
| 9/24/2018 | LL | Discuss how to proceed with drafting PI motion with Kathy (15 min); review decision document (Final EA) and complaint filed on Friday, as well as PI motion from 2016 case (1.5 hr) | 1.75 |
| 9/25/2018 | LL | Begin to work on background section and 1st amendment argument for PI motion | 4.00 |
| 9/26/2018 | LL | Continue drafting background and 1st amendment section of PI motion (8 hr); combine intro, APA, and my portions into full brief draft and work on editing and citations (rest) | 9.00 |

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 9/27/2018 | LL | ~~Continue to work on draft PI memo, adding in equities argument and making citations uniform, compiling list of exhibits and editing down to page limit (4 hr);~~ receive and incorporate Bill's edits, work on getting down to page limit after added standing allegations (3 hr); receive and work on incorporating Kathy's edits (2.5 hr); send to clients; draft motion to accompany memo (30 min) | ~~10.00~~ 6.00 |
| 9/28/2018 | LL | Finalize brief by incorporating Nick's and clients' edits (2 hr); ~~work on compiling exhibit list and exhibits (4 hr); file PI!!!!~~ | ~~6.00~~ 2.00 |
| 10/9/2018 | LL | research re: first amendment and filming public officers in ninth circuit | 2.50 |
| 10/15/2018 | LL | Read gov't brief (2 hr); talked about arguments and responses with Nick (1.5 hr); research re: 1st amendment claim, how ninth cir applies narrowly tailored test, how cir applies logic prong (2 hr) | 5.50 |
| 10/16/2018 | LL | continued research re: 1st amendment claim ; responses to gov't arguments | 5.00 |
| 10/17/2018 | LL | continued research re: 1st amendment claim; responses to gov't arguments; surreplies in the 9th cir | 4.00 |
| 10/18/2018 | LL | continued research re: 1st amendment claim ; responses to gov't arguments; surreplies; gov't cases cited in irreparable harm arg; finalize research for talk with Nick on Friday | 5.00 |
| 10/19/2018 | LL | meet with nick to discuss research and next steps in drafting reply | 1.50 |
| 10/19/2018 | LL | begin drafting APA sections of reply | 2.00 |
| 10/22/2018 | LL | continue drafting APA sections of reply | 6.50 |
| 10/23/2018 | LL | continue drafting APA sections of reply | 7.50 |
| 10/30/2018 | LL | research re: forum analysis and how to combat gov't arguments if they raise at oral argument (e.g., doesn't apply, strict scrutiny is appropriate test) | 5.00 |

*4 Hours Claimed at Paralegal Rate - See Ex. F* (9/27/2018)

*4 Hours Claimed at Paralegal Rate - See Ex. F* (9/28/2018)

10/22/19                                    Meyer Glitzenstein Eubanks LLP                              Page 7
5:56 PM                              Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 10/31/2018 | LL | Call with Nick, Eric, Bill, and Kathy to discuss PI hearing on Friday (1.15); research re: impact of IBLA appeal on fed ct proceeding (1.5 hr); email to nick re: applicability of forum analysis (1st amendment test) (15 min) | 3.00 |

Total: Lizzie Lewis

~~80.10~~  72.1

User: NLawton

| | | | |
|------|------|-------------|-------|
| 9/12/2018 | NL | discussing PI strategy with KM and EG | 1.00 |
| 9/13/2018 | NL | emailing clients with assessment | 0.17 |
| 9/13/2018 | NL | drafting case assessment for clients | 2.00 |
| 9/13/2018 | NL | reviewing decision docs | 1.25 |
| 9/13/2018 | NL | reviewing decision docs | 0.75 |
| 9/13/2018 | NL | reviewing decision docs | 1.25 |
| 9/14/2018 | NL | reviewing decision docs in prep for call | 0.50 |
| 9/14/2018 | NL | discussing claims with KM | 0.25 |
| 9/14/2018 | NL | sending decision docs to LL | 0.08 |
| 9/14/2018 | NL | preparing for call with clients | 0.25 |
| 9/14/2018 | NL | call with clients | 1.34 |
| 9/14/2018 | NL | emailing cost estimate to clients | 0.17 |
| 9/17/2018 | NL | discussing PI issues with Brieanah | 0.08 |
| 9/18/2018 | NL | reviewing documents | 1.50 |
| 9/18/2018 | NL | reviewing docs | 0.75 |
| 9/18/2018 | NL | discussing observation issues with Brieanah | 0.25 |

Billing Judgment  ~~9/18/2018~~   ~~NL~~   ~~retainer drafting and revision~~   ~~0.75~~

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|---|---|---|---|
| 9/18/2018 | NL | drafting complaint | 2.25 |
| 9/19/2018 | NL | drafting complaint | 2.00 |
| 9/19/2018 | NL | drafting complaint | 2.00 |
| 9/19/2018 | NL | drafting complaint | 2.00 |
| 9/19/2018 | NL | drafting complaint | 1.50 |
| 9/20/2018 | NL | revising draft complaint | 2.42 |
| 9/20/2018 | NL | research into case law | 0.34 |
| 9/20/2018 | NL | revising complaint | 0.50 |
| 9/20/2018 | NL | case law research | 0.50 |
| 9/21/2018 | NL | revising complaint and researching potential awa claim | 2.00 |
| 9/21/2018 | NL | drafting PI brief - background | 1.50 |
| 9/21/2018 | NL | case law research - APA | 0.67 |
| 9/21/2018 | NL | reviewing media releases | 0.25 |
| 9/21/2018 | NL | emailing government re: PI | 0.34 |
| 9/21/2018 | NL | drafting corporate disclosure statement | 0.34 |
| 9/21/2018 | NL | finalizing and filing complaint | 0.67 |
| 9/21/2018 | NL | case law research - APA | 0.75 |
| 9/21/2018 | NL | case law research - APA | 1.00 |
| 9/22/2018 | NL | drafting PI memo - background | 2.00 |
| 9/22/2018 | NL | drafting PI memo - background | 2.00 |
| 9/28/2018 | NL | revising PI memo | 2.00 |
| 10/2/2018 | NL | call with AWI re: Hope McKalip declaration | 0.08 |

**Billing Judgment** (9/21/2018 — reviewing media releases — 0.25)

**Billing Judgment** (9/21/2018 — finalizing and filing complaint — 0.67)

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| | Date | User | Description | Hours |
|---|---|---|---|---|
| | 10/2/2018 | NL | drafting proposal for PI hearing schedule | 0.17 |
| | 10/2/2018 | NL | Reviewing docs | 1.17 |
| Paralegal Rate: See Ex. F | ~~10/2/2018~~ | ~~NL~~ | ~~preparing Bill's pro hac app~~ | ~~0.50~~ |
| | 10/2/2018 | NL | gathering and reviewing spay PI briefs | 0.75 |
| | 10/3/2018 | NL | email to clients regarding timing of spay experiments | 0.08 |
| | 10/4/2018 | NL | drafting request for hearing | 0.25 |
| | 10/9/2018 | NL | discussing argument strategy with LL | 0.34 |
| | 10/9/2018 | NL | drafting observation request email & emailing clients re: same | 0.25 |
| | 10/9/2018 | NL | emailing clients re: spay hearing | 0.17 |
| Billing Judgment | ~~10/9/2018~~ | ~~NL~~ | ~~booking travel~~ | ~~0.59~~ |
| | 10/10/2018 | NL | emails to clients re: spay hearing | 0.17 |
| | 10/10/2018 | NL | emailing clients re: spay hearing | 0.25 |
| | 10/10/2018 | NL | calls to opposing counsel re: potential witnesses at hearing | 0.42 |
| | 10/11/2018 | NL | reviewing spay docs | 0.34 |
| | 10/11/2018 | NL | drafting observation request | 0.59 |
| | 10/12/2018 | NL | revising observation request | 0.50 |
| | 10/16/2018 | NL | drafting reply - APA | 1.50 |
| | 10/16/2018 | NL | drafting reply - First Am | 2.00 |
| | 10/18/2018 | NL | drafting reply - First Am | 2.00 |
| | 10/19/2018 | NL | drafting reply - first amendment | 3.00 |
| | 10/19/2018 | NL | drafting reply - first amendment | 3.00 |
| | 10/19/2018 | NL | drafting reply - first amendment | 3.00 |

| | Date | User | Description | Hours |
|---|---|---|---|---|
| | 10/20/2018 | NL | drafting reply - first amendment | 3.00 |
| | 10/20/2018 | NL | drafting reply - first amendment | 3.00 |
| | 10/21/2018 | NL | drafting reply - APA observation limits | 2.50 |
| | 10/22/2018 | NL | revising spay PI reply | 2.00 |
| | 10/22/2018 | NL | drafting reply - social acceptability | 1.50 |
| | 10/22/2018 | NL | drafting reply - APA - CSU | 3.00 |
| | 10/22/2018 | NL | drafting reply - APA - social acceptability | 3.00 |
| | 10/23/2018 | NL | revising reply - APA sections | 1.00 |
| | 10/23/2018 | NL | revising reply | 0.75 |
| | 10/23/2018 | NL | revising reply | 2.00 |
| | 10/23/2018 | NL | revising reply | 2.00 |
| | 10/24/2018 | NL | revising McKalip Supplemental. Decl | 0.42 |
| | 10/24/2018 | NL | revising reply | 2.50 |
| | 10/24/2018 | NL | revising reply | 2.00 |
| | 10/25/2018 | NL | revising reply | 1.58 |
| | 10/25/2018 | NL | revising reply | 1.34 |
| | 10/26/2018 | NL | revising reply | 1.67 |
| | 10/26/2018 | NL | revising reply | 2.25 |
| Paralegal Rate: Ex. F | 10/26/2018 | NL | finalizing and filing reply brief | 1.00 |
| 50% Rate: Ex. F | 10/30/2018 | NL | travel for hearing | 3.00 |
| | 10/30/2018 | NL | preparing for hearing | 2.00 |
| | 10/31/2018 | NL | preparing for hearing | 3.00 |

| | Date | User | Description | Hours |
|---|---|---|---|---|
| | 10/31/2018 | NL | preparing for hearing | 3.00 |
| | 10/31/2018 | NL | preparing for hearing | 3.00 |
| | 11/1/2018 | NL | preparing for hearing | 3.00 |
| | 11/1/2018 | NL | preparing for hearing | 3.00 |
| | 11/1/2018 | NL | preparing for hearing | 3.00 |
| | 11/2/2018 | NL | hearing | 1.50 |
| | 11/2/2018 | NL | preparing for hearing | 2.00 |
| 50% Rate: See Ex. F | 11/3/2018 | NL | travel back from hearing | 6.00 |
| | 11/5/2018 | NL | drafting proposed order | 2.00 |
| Paralegal Rate: Ex. F | 11/7/2018 | NL | finalizing and filing proposed order | 0.25 |
| | 11/7/2018 | NL | calling and emailing government and clients regarding BLM dropping experiments | 0.50 |
| Paralegal Rate: Ex. F | 11/8/2018 | NL | finalizing and filing opposition to motion to stay entry of order | 0.17 |
| | 11/8/2018 | NL | drafting opposition to motion to stay entry of proposed order | 1.25 |
| | 11/9/2018 | NL | call with clients to discuss litigation options | 0.42 |
| | 11/20/2018 | NL | reviewing proposed motions for extension and clarification | 0.34 |
| | 11/29/2018 | NL | emailing clients regarding IBLA decision | 0.25 |
| | 11/29/2018 | NL | reviewing IBLA ruling dismissing BLM decision record and discussing options with BE & KM | 1.00 |
| | 11/30/2018 | NL | drafting options email for clients | 1.50 |
| | 12/3/2018 | NL | Reviewing BLM emails regarding status of case, discussing with BE, and emailing clients re: same | 0.75 |
| | 12/10/2018 | NL | preparing for call re: options moving forward | 0.34 |

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 12/10/2018 | NL | drafting settlement proposal | 0.92 |
| 12/10/2018 | NL | call with clients re: options moving forward | 0.75 |
| 1/22/2019 | NL | emailing government re: plans for experiment | 0.17 |
| 1/28/2019 | NL | emails with opposing counsel re shutdown and sche | 0.25 |
| 1/30/2019 | NL | review of JSR and email to clients | 0.17 |
| 2/1/2019 | NL | reviewing email from government regarding new decisions, discussing with BE, and emailing clients and government re: same | 0.50 |
| 2/8/2019 | NL | reviewing BLM letter re: settlement | 0.25 |
| 2/11/2019 | NL | emailing clients re: potential settlement | 0.25 |
| 2/11/2019 | NL | reviewing AWHC FOIA results | 0.25 |
| 2/11/2019 | NL | reviewing docs regarding new decision | 0.25 |
| 2/11/2019 | NL | discussing possible settlement with BE | 0.17 |
| 2/11/2019 | NL | reviewing government settlement letter and drafting email in response | 0.67 |
| 2/15/2019 | NL | reviewing new decision and emailing clients re: sam | 1.00 |
| 3/6/2019 | NL | call with Brieanah re: new decision comments | 0.34 |
| 3/6/2019 | NL | drafting email to clients re: negotiations with govt. | 0.42 |
| 3/13/2019 | NL | reviewing draft comments on new decision | 1.00 |
| 3/15/2019 | NL | drafting proposed settlement | 1.00 |
| 3/15/2019 | NL | drafting proposed settlement | 0.50 |
| 3/18/2019 | NL | reviewing government settlement proposal and emailing clients | 0.25 |
| 3/21/2019 | NL | discussing settlement prospects with government attorney | 1.17 |
| 3/21/2019 | NL | discussing settlement prospects with clients | 0.17 |

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 3/21/2019 | NL | discussing government spay settlement proposal with KM and BE | 0.17 |
| 4/1/2019 | NL | emailing government re: timeline | 0.17 |
| 4/1/2019 | NL | call with clients regarding motion to dismiss | 0.42 |
| 4/1/2019 | NL | research into voluntary cessation caselaw | 0.67 |
| 4/4/2019 | NL | calls with govt. re: MTD opposition extension | 0.25 |
| 4/5/2019 | NL | emails and calls with BS re: new spay study | 1.34 |
| 4/23/2019 | NL | reviewing new decision to return horses and emailing to clients | 0.67 |
| 4/26/2019 | NL | reviewing MTD | 0.34 |
| 4/26/2019 | NL | drafting MTD opposition | 1.50 |
| 4/26/2019 | NL | drafting MTD opposition | 1.50 |
| 4/29/2019 | NL | drafting MTD opposition | 1.09 |
| 4/29/2019 | NL | drafting MTD opposition | 2.00 |
| 4/29/2019 | NL | drafting MTD opposition | 2.75 |
| 5/2/2019 | NL | revising MTD opposition | 0.08 |
| 5/7/2019 | NL | editing Koncel declaration for MTD Opp. | 0.59 |
| 5/7/2019 | NL | discussing new spay EA and motion to dismiss with opposing counsel | 0.25 |
| 5/7/2019 | NL | revising MTD Opp and sending to clients | 0.42 |
| 5/9/2019 | NL | extension motion drafting | 0.34 |
| 5/13/2019 | NL | reviewing new draft EA | 1.50 |
| 5/14/2019 | NL | drafting extension request for comments | 0.42 |
| 5/14/2019 | NL | spay EA press release review | 0.08 |

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 5/14/2019 | NL | drafting extension request for spay EA comments | 0.75 |
| 5/14/2019 | NL | call with BS re spay EA comments | 1.00 |
| 5/14/2019 | NL | discussing spay comment period issue with BE | 0.25 |
| 5/14/2019 | NL | reviewing new draft EA | 0.67 |
| 5/14/2019 | NL | reviewing new draft EA | 0.75 |
| 5/15/2019 | NL | revising and sending extension letter | 0.25 |
| 5/15/2019 | NL | discussing new spay EA with KM and BE | 1.00 |
| 5/15/2019 | NL | revising extension request | 0.50 |
| 5/16/2019 | NL | discussing spay comments and declarations with BS | 0.50 |
| 5/16/2019 | NL | reviewing draft EA and outlining comments | 1.00 |
| 5/17/2019 | NL | reviewing EA and scheduling conference call (5 minutes) | 0.25 |
| 5/17/2019 | NL | reviewing draft spay EA | 3.25 |
| 5/20/2019 | NL | drafting comments on new EA | 6.00 |
| 5/20/2019 | NL | call with clients re: spay EA PI prospects | 1.00 |
| 5/20/2019 | NL | "related" case research for spay EA | 0.50 |
| 5/21/2019 | NL | calls with local practitioners re: "related" cases | 0.50 |
| 5/21/2019 | NL | drafting comments | 5.25 |
| 5/21/2019 | NL | drafting comments | 0.75 |
| 5/22/2019 | NL | outlining comments | 0.75 |
| 5/22/2019 | NL | revising Palmer declaration | 1.25 |
| 5/22/2019 | NL | conversation with AWI re: litigation options | 0.34 |

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|------|------|-------------|-------|
| 5/22/2019 | NL | research into dismissal prospects and emailing clients re: same (0:10) | 0.42 |
| 5/24/2019 | NL | revising MTD opposition | 3.00 |
| 5/24/2019 | NL | drafting Motion to Stay | 1.00 |
| 5/24/2019 | NL | emailing clients re: drafts of MTD opposition and motion to stay | 0.25 |
| 5/24/2019 | NL | emailing clients re: litigation options | 0.25 |
| 5/29/2019 | NL | finalizing and filing (20) MTD opp. and motion to stay | 0.75 |
| 5/31/2019 | NL | emailing clients re: government "offer" on motion to stay | 0.50 |
| 6/5/2019 | NL | discussing comments with BS | 0.50 |
| 6/10/2019 | NL | reviewing and editing draft comments | 6.00 |
| 6/12/2019 | NL | sending comment edits to BS | 0.25 |
| 6/12/2019 | NL | revising MTD reply and stay motion | 0.34 |
| 6/12/2019 | NL | call with BE re: briefs | 0.34 |
| 6/17/2019 | NL | drafting stay reply | 2.00 |
| 6/18/2019 | NL | revising stay reply | 0.50 |
| 6/21/2019 | NL | revising stay reply | 1.50 |
| 6/21/2019 | NL | finalizing and filing stay reply | 0.42 |
| 6/24/2019 | NL | reviewing congress letter | 0.17 |
| 6/24/2019 | NL | discussion with Ginger re: potential other case and advisory board | 0.17 |

Total: NLawton

210.14
TOTAL: 120.91

User: Para-Katrina

Meyer Glitzenstein Eubanks LLP
Attorneys Fees for the Court - Split Combined

| Date | User | Description | Hours |
|---|---|---|---|
| 9/21/2018 | KT | Research: Searched for "related case" provisions in all civil rules of the district courts within the 9th circuit. Created a spreadsheet to outline the current status of related cases in all jurisdictions. | 2.00 |

Total: Para-Katrina

2.00

Grand Total

360.83

Exhibit B:

Time Reports from Eubanks & Associates, LLC – before fee phase

# Eubanks & Associates LLC

## Law for the Public Interest

3206 Norwood Court

Fort Collins, CO 80525

**Phone:** 9707036060  |  **Fax:**

## PRE-BILL

**American Wild Horse Campaign**

| Invoice Date | April 14, 2020 |
|---|---|
| Invoice Number | Pre-bill |

### Attorney Hours

| 7/3/2019 | Emailing with BS re: question about referring to gelding in spay case | N.L. | .10 |
|---|---|---|---|
| 7/15/2019 | calls with Joanna re: senate sign-on letter | N.L. | .30 |

| 8/8/2019 | call with opposing counsel to try to determine schedule for BLM decision | N.L. | .30 |
| 8/14/2019 | emailing clients re: motion to stay ruling | N.L. | .10 |
| 9/4/2019 | reviewing Argus Observer piece and emailing clients | N.L. | .25 |
| 9/6/2019 | emailing government re: upcoming status report | N.L. | .25 |
| 9/10/2019 | reviewing draft JSR and emailing clients re: same | N.L. | .50 |
| 9/13/2019 | Reviewing draft joint status report from DOJ and conferring with NL | B.E. | .20 |

| 10/23/2019 | corresponding re: adding plaintiff | N.L. | .50 |
| 10/29/2019 | reviewing BLM's previous decision and weather in Burns to consider upcoming JSR | N.L. | .25 |
| 11/18/2019 | emailing opposing counsel re: upcoming JSR | N.L. | .30 |
| 11/19/2019 | reviewing draft JSR and emailing clients re: same | N.L. | .20 |
| 11/20/2019 | emailing clients and opposing counsel re: upcoming JSR | N.L. | .20 |
| 11/21/2019 | emailing opposing counsel and clients re: upcoming JSR | N.L. | .30 |

| 11/22/2019 | emailing clients re: upcoming JSR | N.L. | .20 |
| 11/22/2019 | Reviewing emails re: mares | B.E. | .35 |
| 11/25/2019 | emailing opposing counsel and clients re: JSR | N.L. | .10 |
| 12/23/2019 | reviewing government notice, decision record, and emailing clients re: govt notice of new decision to permanently remove 55 horses | N.L. | .25 |
| 1/23/2020 | emailing opposing counsel re: dismissal and JSR | N.L. | .50 |
| 1/24/2020 | reviewing government notice and emails in prep for next SR, and emailing clients re: same | N.L. | .30 |

| | | | |
|---|---|---|---|
| 1/27/2020 | emailing opposing counsel re: disposition of horses and upcoming JSR | N.L. | .50 |
| 1/27/2020 | emailing opposing counsel re: upcoming JSR and prospect that Defendants will ask the Court to lift the existing stay | N.L. | 1.00 |
| 1/27/2020 | Discussing Feds' position in status report with NL (0.35 hours); reviewing NL's draft email to DOJ (0.2 hours) | B.E. | .55 |
| 1/28/2020 | Reviewing DOJ's email and revised joint status report draft (0.2 hours); emailing with NL re: same (0.1 hours); talking to NL on phone re: same (0.3 hours); reviewing NL's draft back to DOJ and revising (0.55 hours); reviewing NL's draft email to clients (0.2 hours) | B.E. | 1.35 |
| 1/28/2020 | drafting status report position | N.L. | 1.50 |
| 2/3/2020 | reviewing information on horses removed from range and sold for spay | N.L. | .75 |

| 2/13/2020 | call with opposing counsel re: motion to lift stay | N.L. | .10 |
| 2/13/2020 | Conferring with NL re: motion to compel hearing and potential for telephonic appearance | B.E. | .25 |
| 2/14/2020 | reviewing government motion to lift stay and drafting email to clients re: same | N.L. | 1.20 |
| 2/14/2020 | Reviewing motion to lift and conferring with NL re: same (0.85 hours); reviewing and revising NL's draft client email (0.35 hours) | B.E. | 1.20 |
| 2/14/2020 | discussing motion to lift stay, and response, with BE | N.L. | .50 |
| 2/14/2020 | emailing clients re: government motion to lift stay | N.L. | .25 |

| 2/18/2020 | research for potential new claim re: PTH | N.L. | 1.40 |
| 2/18/2020 | preparing for call re: motion to lift stay | N.L. | .90 |
| 2/18/2020 | conference call with clients re: motion to lift stay and potential claims | N.L. | .90 |
| 2/19/2020 | discussing FOIA re: PTH with BVS | N.L. | .25 |
| 2/19/2020 | drafting opposition to motion to lift stay | N.L. | 4.00 |
| 2/20/2020 | drafting opposition to motion to lift stay | N.L. | 4.20 |

| 2/20/2020 | Reviewing and revising motion to lift stay (1.05 hours); emailing suggestions to NL (0.15 hours) | B.E. | 1.20 |
| 2/20/2020 | revising opposition to motion to lift stay | N.L. | 1.30 |
| 2/21/2020 | revising PTH FOIA request | N.L. | .40 |
| 2/26/2020 | revising opposition to motion to lift stay | N.L. | 1.30 |
| 2/27/2020 | revising opposition to motion to lift stay | N.L. | 1.25 |
| 2/27/2020 | reviewing revisions to PTH FOIA request | N.L. | .20 |

| | | | |
|---|---|---|---|
| 2/27/2020 | finalizing opposition to motion to lift stay | N.L. | .50 |
| 2/27/2020 | filing opposition to motion to lift stay | N.L. | .20 |
| 3/9/2020 | emailing opposing counsel re: motion to appear by phone | N.L. | .20 |
| 3/11/2020 | drafting motion to appear by phone | N.L. | .20 |
| 3/11/2020 | Reviewing motion for leave to appear telephonically and responding to NL | B.E. | .15 |
| 3/11/2020 | emailing clients re: hearing | N.L. | .10 |

| | | | |
|---|---|---|---|
| 3/11/2020 | verifying delivery of FOIA request re: PTH | N.L. | .20 |
| 3/11/2020 | reviewing filings to prepare for hearing | N.L. | 2.50 |
| 3/12/2020 | reviewing filings to prepare for hearing | N.L. | 3.00 |
| 3/13/2020 | reviewing government reply in support of motion to lift stay | N.L. | .50 |
| 3/13/2020 | Reviewing DOJ's spay reply (0.35 hours); talking to NL re: same (0.3 hours) | B.E. | .65 |
| 3/13/2020 | discussing government reply and declaration, hearing with BE | N.L. | .30 |

| 3/16/2020 | reviewing proposed NEPA regulations to determine potential impact on new spay proposal | N.L. | .40 |
| 3/16/2020 | discussing upcoming hearing and new filing with BE | N.L. | .80 |
| 3/16/2020 | Talking to NL re: strategy for upcoming hearing | B.E. | .50 |
| 3/16/2020 | reviewing filings to prepare for call and hearing | N.L. | .90 |
| 3/16/2020 | call to discuss options at hearing | N.L. | .40 |
| 3/16/2020 | hearing prep | N.L. | 2.50 |

| 3/17/2020 | hearing prep | N.L. | 5.70 |
|---|---|---|---|
| 3/18/2020 | Reviewing the MTD and motion to lift briefs from all parties (1.75 hours); taking notes and questions for NL moot (1.1 hours) | B.E. | 2.85 |
| 3/18/2020 | hearing prep | N.L. | 6.75 |
| 3/19/2020 | discussing upcoming hearing with BE | N.L. | 1.60 |
| 3/19/2020 | Moot court and oral argument prep discussion with NL | B.E. | 1.50 |
| 3/19/2020 | Attending oral argument telephonically on motion to lift stay and MTD (0.4 hours); post-call debrief with NL (0.5 hours) | B.E. | .90 |

| 3/19/2020 | hearing prep | N.L. | 4.20 |
| 3/19/2020 | hearing on motion to dismiss and motion to lift stay | N.L. | .50 |
| 3/20/2020 | discussing Mosman ruling with BE and emailing clients re: same | N.L. | .40 |
| 3/26/2020 | emailing BLM officers re: PTH FOIA | N.L. | .25 |

**Attorney Fees Tallied Table**

| Bill  Eubanks | 11.65 |
| Nick  Lawton | 58.90 |

Exhibit C:

Time Reports from Eubanks & Associates, LLC – fee phase

# Eubanks & Associates LLC

## Law for the Public Interest

| PRE-BILL | | |
|---|---|---|
| **American Wild Horse Campaign** | **Invoice Date** | August 17, 2020 |
| | **Invoice Number** | |

**Attorney Hours**

| 3/24/2020 | fee recovery research | N.L. | 2.95 |
|---|---|---|---|
| 3/25/2020 | drafting analysis of fees options | N.L. | .70 |

| | | | |
|---|---|---|---|
| 3/25/2020 | Reviewing draft email to clients and revising (0.4 hours); discussing same with NL (0.2 hours); reviewing time entries and expenses and emailing NL relevant financials (0.35 hours) | B.E. | .95 |
| 3/25/2020 | emailing clients re: fee recovery prospects | N.L. | .20 |
| 3/26/2020 | discussing fee recovery strategy with BE | N.L. | .20 |
| 3/30/2020 | emailing re: fees claims | N.L. | .25 |
| 3/30/2020 | discussing fee recovery strategy with BE | N.L. | .30 |
| 3/30/2020 | Talking fee petition strategy with NL | B.E. | .30 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| ~~3/30/2020~~ | ~~Emailing AWHC re: financial arrangement for fee litigaiton~~  Billing Judgment | ~~B.E.~~ | ~~1.12~~ |
| ~~3/31/2020~~ | ~~Reviewing time and expense reports in response to AWHC's question about fee recovery (0.5 hours); drafting and sending detailed email to AWHC (0.65 hours)~~  Billing Judgment | ~~B.E.~~ | ~~1.15~~ |
| ~~4/1/2020~~ | ~~emailing BE and clients re: estimate for fees litigation~~  Billing Judgment | ~~N.L.~~ | ~~.30~~ |
| 4/1/2020 | Reviewing NL's draft email re: fee recovery and sending revised version to NL | B.E. | .32 |
| 4/1/2020 | discussing fee recovery with BE | N.L. | .20 |
| 4/1/2020 | Discussing with NL fee litigation timing and strategy | B.E. | .20 |

| | | | |
|---|---|---|---|
| ~~4/1/2020~~ | ~~Further emails with AWHC re: fee litigation logistics~~ | ~~B.E.~~ | ~~.25~~ |
| | Billing Judgment | | |
| 4/1/2020 | emailing re: fee declarations | N.L. | .20 |
| 4/1/2020 | Emailing key pleadings, time and expense reports, and detailed background to fee declarants | B.E. | 1.84 |
| 4/1/2020 | Drafting additional legal strategy email to clients re: fee litigation | B.E. | 1.06 |
| 4/2/2020 | emails with fee declarants | N.L. | .20 |
| 4/2/2020 | Talking to Suzanne by phone re: fee litigation | B.E. | .22 |

| 4/5/2020 | ~~Drafting and sending clients fee litigation retainer~~ | ~~B.E.~~ | ~~1.43~~ |
|---|---|---|---|
| | Billing Judgment | | |

| 4/6/2020 | ~~reviewing fee briefing examples~~ | ~~N.L.~~ | ~~.40~~ |
|---|---|---|---|
| | Billing Judgment | | |

| 4/6/2020 | drafting motion for reconsideration | N.L. | 1.70 |

| 4/6/2020 | discussing time reports with BE | N.L. | .10 |

| 4/6/2020 | emailing BE re: motion for reconsideration | N.L. | .10 |

| 4/6/2020 | Reviewing and revising draft motion for reconsideration, and emailing revised version to NL with suggestions and questions | B.E. | .92 |

| 4/7/2020 | reviewing time and expense reports | N.L. | .50 |
|---|---|---|---|
| 4/7/2020 | revising motion for reconsideration | N.L. | .30 |
| 4/7/2020 | drafting fee petition | N.L. | 2.50 |
| 4/7/2020 | Answering fee declarant (Dave Bahr) questions about attorney experience and specialization to assist with declaration prep | B.E. | .78 |
| 4/7/2020 | Responding to detailed questions from fee declarant (Dave Becker) regarding certain time entries and related materials | B.E. | 1.45 |
| 4/8/2020 | drafting fee petition | N.L. | 4.25 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 4/8/2020 | emailing opposing counsel re: position on fees and reconsideration | N.L. | .10 |
| 4/8/2020 | revising fee petition | N.L. | .50 |
| 4/8/2020 | Responding to emails and questions from fee declarants (Dave Becker and Dave Bahr) to assist them in preparing fee declarations | B.E. | .77 |
| 4/8/2020 | Drafting lead counsel declaration for NL in support of EAJA petition | B.E. | 5.81 |
| 4/8/2020 | Emailing with NL re: certain background, training, and expertise questions for draft lead counsel declaration in support of EAJA petition | B.E. | .52 |
| 4/9/2020 | Reviewing and revising draft fee petition motion and supporting memo (1.85 hours); reviewing several cases cited in fee petition memo on WL (0.55 hours) | B.E. | 2.40 |

| 4/9/2020 | revising fee petition | N.L. | .78 |
| 4/9/2020 | revising reconsideration motion | N.L. | .30 |
| 4/9/2020 | emailing opposing counsel re: upcoming motions | N.L. | .10 |
| 4/9/2020 | Continued drafting of lead counsel declaration for NL and reviewing underlying time and cost reports as part of that process | B.E. | 4.31 |
| 4/9/2020 | Reviewing first draft of NL lead counsel declaration and sending to NL for review | B.E. | 1.27 |
| 4/9/2020 | discussing fee petition and declarations with BE | N.L. | .50 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 4/9/2020 | Drafting Glitzenstein declaration in support of EAJA petition, and sending draft to NL for review | B.E. | .55 |
| 4/9/2020 | Drafting Meyer declaration in support of EAJA petition, and sending draft to NL for review | B.E. | .33 |
| 4/9/2020 | Drafting Lewis declaration in support of EAJA petition, and sending draft to NL for review | B.E. | .24 |
| 4/9/2020 | Drafting Eubanks declaration in support of EAJA petition, and sending draft to NL for review | B.E. | 1.23 |
| 4/9/2020 | reviewing declarations in support of fee petition | N.L. | 1.00 |
| 4/9/2020 | Reviewing NL's suggested edits to his lead counsel declaration | B.E. | .37 |

| 4/9/2020 | reviewing timesheets, identifying entries to exclude from petition or claim at reduced rate, and compiling total fee request | N.L. | 2.75 |
|---|---|---|---|
| 4/9/2020 | discussing fee declaration and exhibit issues with BE | N.L. | .20 |
| 4/9/2020 | revising fee declaration table & emailing to BE | N.L. | .10 |
| 4/9/2020 | emailing co-counsel and opposing counsel re: government proposal to defer briefing on motion for fees | N.L. | .10 |
| 4/9/2020 | Discussing with NL further edits and additions to lead counsel declaration in support of fee petition in light of reductions and billing judgment | B.E. | .60 |
| 4/9/2020 | Emailing draft declarations to KM and EG to review, revise, and sign upon finalization to support EAJA applications | B.E. | .42 |

| | | | |
|---|---|---|---|
| 4/10/2020 | Reviewing draft Bahr declaration for accuracy and incorporating into draft NL lead counsel declaration as to amount of fee award | B.E. | .63 |
| 4/10/2020 | reviewing Bahr declaration and emailing BE re: same | N.L. | .50 |
| 4/10/2020 | Incorporating EG edits to his draft declaration and to his portion describing his background in NL's lead counsel declaration | B.E. | .48 |
| 4/10/2020 | Incorporating LL edits to her declarations and to her portion of NL's lead counsel declaration | B.E. | .36 |
| 4/10/2020 | Discussing NL Dave Bahr's declaration and Suzanne's AWHC declaration | B.E. | .30 |
| 4/10/2020 | Preparing representative case list exhibit to support EAJA application | B.E. | .47 |

| 4/10/2020 | Reviewing and revising Eubanks declaration (0.4 hours); finalizing and signing declaration (0.2 hours) | B.E. | .60 |
|---|---|---|---|
| 4/10/2020 | Drafting fee petition supporting materials | N.L. | 3.50 |
| 4/10/2020 | working on list of successful wild horse cases for supporting fee petition | N.L. | .40 |
| 4/10/2020 | reviewing and revising motion for reconsideration and fee petition | N.L. | 1.00 |
| 4/10/2020 | Incorporating edits from KM to her draft declaration and to NL's lead counsel declaration as it relates to her background | B.E. | .44 |
| 4/10/2020 | reviewing and revising my declaration in support of fee petition | N.L. | 1.25 |

| 4/10/2020 | emailing clients re: drafts of fee recovery materials | N.L. | .40 |

| 4/10/2020 | Reviewing and revising Roy declaration (0.9 hours); reviewing and revising Exhibit A to Roy declaration (0.55 hours) | B.E. | 1.45 |

| 4/11/2020 | Emailing final counsel declarations plus draft Lawton declaration to fee declarants for their review | B.E. | .18 |

| 4/12/2020 | Responding to fee declarants' emails re: need for client declarations to establish EAJA eligibility of each plaintiff | B.E. | .32 |

| 4/13/2020 | drafting client declarations | N.L. | 2.50 |

| 4/13/2020 | reviewing and revising Bahr and Becker Declarations | N.L. | 1.00 |

| 4/13/2020 | Reviewing draft Roy declaration (0.45 hours); reviewing draft Walker declaration (0.2 hours); reviewing draft Kathrens declaration (0.35 hours); reviewing draft Liss declaration (0.25 hours) | B.E. | 1.25 |
|---|---|---|---|
| 4/13/2020 | Reviewing and revising draft Becker fee declaration | B.E. | .85 |
| 4/13/2020 | revising plaintiff declarations | N.L. | .40 |
| 4/13/2020 | emailing clients re: declarations | N.L. | .20 |
| ~~4/13/2020~~ | ~~emailing Carol re: case updates - suggest no charge~~ Billing Judgment | ~~N.L.~~ | ~~.30~~ |
| 4/14/2020 | documenting billing judgment in time reports | N.L. | .25 |

| 4/15/2020 | revising motions and declarations | N.L. | 1.00 |
|---|---|---|---|
| 4/16/2020 | Discussing final steps for finalizing declarations and fee petition | B.E. | .50 |
| 4/16/2020 | revising briefs and declaration | N.L. | 1.40 |
| 4/16/2020 | discussing brief and declaration revisions with BE | N.L. | .50 |
| 4/16/2020 | Talking to Dana at TCF about EAJA eligibility (0.3 hours); revising Kathrens declaration re: same (0.3 hours); emailing to Dana and Ginger for review (0.1 hours) | B.E. | .70 |
| 4/16/2020 | Talking to Carol about EAJA eligibility (0.25 hours); revising Kathrens declaration re: same (0.15 hours); emailing to Dana and Ginger for review (0.1 hours) | B.E. | .50 |

| 4/16/2020 | Revising Suzanne's declaration re: eligibility and other matters (0.4 hours); emailing revised version to NL (0.1 hours) | B.E. | .50 |
|---|---|---|---|
| 4/16/2020 | Reviewing Cathy Liss AWI declaration and revising re: eligibility and other factors (0.35 hours); emailing to NL (0.1 hours) | B.E. | .45 |
| 4/16/2020 | Reviewing and revising current draft of fee petition to reflect various changes made to declarations | B.E. | .72 |
| 4/17/2020 | review and revision of briefs and declarations | N.L. | 2.00 |
| 4/17/2020 | final review of time entries | N.L. | 1.00 |
| 4/17/2020 | finalizing and filing fee petition and reconsideration materials | N.L. | .50 |

| | | | |
|---|---|---|---|
| 4/17/2020 | Reviewing fee phase time report and NL's proposed deductions and adjustments to this report for incorporating into final NL lead counsel declaration and fee petition | B.E. | 1.04 |
| 4/17/2020 | Calculating hours times rates to check accuracy of final fee request amount before filing | B.E. | .78 |
| 4/17/2020 | Final review of fee petition with final fee request numbers incorporated before filing | B.E. | .55 |
| 4/23/2020 | Discussing with NL response to government's stay request on fee briefing | B.E. | .20 |
| 4/27/2020 | Reviewing draft consent motion for extension | B.E. | .23 |
| 4/27/2020 | Reviewing govt's motion to defer briefing (0.15 hours); emailing NL re: same (0.1 hours) | B.E. | .25 |

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 4/28/2020 | reviewing government motion to defer briefing and related court order | N.L. | .30 |
| 4/30/2020 | emailing clients re: government motion to defer briefing | N.L. | .25 |
| 5/1/2020 | drafting opposition to Defendants' motion to defer briefing | N.L. | 1.40 |
| 5/1/2020 | Reviewing and revising draft opp to govt motion to defer briefing | B.E. | .65 |
| 5/1/2020 | revising opposition to motion to defer briefing and emailing clients re: same | N.L. | .30 |
| 5/5/2020 | reviewing JH revisions to opposition to government motion to defer briefing | N.L. | .10 |

| 5/7/2020 | revising opposition to Defendants' motion to defer briefing | N.L. | .30 |
|---|---|---|---|
| 5/7/2020 | filing opposition to defendants' motion to defer briefing on fee application | N.L. | .10 |
| 5/13/2020 | drafting amended reconsideration motion | N.L. | 4.30 |
| 5/13/2020 | Reviewing and revising amended reconsideration motion and memo | B.E. | 1.22 |
| 5/14/2020 | revising amended reconsideration motion and discussing with BE (0.1) | N.L. | .50 |
| 5/14/2020 | emailing clients re: amended reconsideration motion | N.L. | .20 |

| 5/21/2020 | revising amended reconsideration motion | N.L. | .25 |
| 5/22/2020 | revising amended motion for reconsideration | N.L. | .60 |
| 5/22/2020 | filing amended motion for reconsideration | N.L. | .20 |
| 6/5/2020 | Reviewing Feds' opposition to reconsideration and attachments (0.75 hours); chatting with NL re: same (0.2 hours) | B.E. | .95 |
| 6/8/2020 | reviewing government opposition to amended reconsideration motion and emailing clients re same | N.L. | 1.00 |
| 6/8/2020 | Discussing with NL further legal strategy for our fee entitlement reply | B.E. | .30 |

| Date | Description | | |
|------|-------------|---|---|
| 6/8/2020 | discussing reply brief strategy for amended motion for reconsideration with BE | N.L. | .30 |
| 6/8/2020 | researching case law cited in government brief and further research into impropriety of government argument | N.L. | 4.00 |
| 6/8/2020 | drafting reconsideration reply | N.L. | 3.00 |
| 6/9/2020 | drafting reconsideration reply | N.L. | 7.00 |
| 6/10/2020 | drafting reconsideration reply | N.L. | 7.00 |
| 6/11/2020 | drafting reply in support of amended reconsideration motion | N.L. | 5.25 |

| | | | |
|---|---|---|---|
| 6/12/2020 | Reviewing and revising draft fee entitlement reply (2.2 hours); emailing to NL with suggestions (0.2 hours) | B.E. | 2.40 |
| 6/13/2020 | revising reply on reconsideration | N.L. | 1.30 |
| 6/17/2020 | revising amended reconsideration reply | N.L. | 2.75 |
| 6/17/2020 | discussing reply revision with BE | N.L. | .10 |
| 6/18/2020 | revising reply in support of reconsideration | N.L. | 2.00 |
| ~~6/18/2020~~ | ~~preparing tables for reply brief~~ | ~~N.L.~~ | ~~.50~~ |
| | Billed at Paralegal Rate - Ex. F | | |

| | | | |
|---|---|---|---|
| 6/19/2020 | final review of reply in support of amended motion for reconsideration | N.L. | 1.75 |
| 6/19/2020 | filing reply in support of amended reconsideration motion | N.L. | .25 |
| 8/4/2020 | discussing Mosman's fee ruling | N.L. | .50 |
| 8/4/2020 | Discussing with NL court's fee reconsideration ruling on entitlement | B.E. | .50 |
| 8/4/2020 | reviewing time entries in preparation for amended fee petition | N.L. | .50 |
| 8/4/2020 | reviewing time entries for amended fee petition | N.L. | 1.00 |

| Date | Description | Initials | Hours |
|---|---|---|---|
| 8/4/2020 | drafting email to clients re: Mosman ruling | N.L. | .70 |
| 8/4/2020 | Further call with NL to discuss next steps and client advice in light of court order on fee entitlement | B.E. | .30 |
| 8/4/2020 | discussing Mosman's ruling and procedural options with BE | N.L. | .30 |
| 8/5/2020 | research into effect of partial reconsideration on appeal period | N.L. | .75 |
| 8/5/2020 | drafting email to opposing counsel re: potential motion for clarification | N.L. | .25 |
| 8/5/2020 | drafting email to clients re: need to seek clarification | N.L. | .30 |

| 8/5/2020 | Further legal strategy discussion with NL re: options in light of court's minute order on fee entitlement | B.E. | .40 |
|---|---|---|---|
| 8/5/2020 | drafting detailed advice emails to clients and discussing same with BE | N.L. | 1.00 |
| 8/5/2020 | Reviewing amounts paid to date by clients as part of advising clients on best legal strategy on whether file amended fee motion, a motion for clarification, or both (0.35 hours); revising NL's draft email based on this review (0.15 hours) | B.E. | .50 |
| 8/5/2020 | emailing clients re: fee litigation options | N.L. | .25 |
| 8/7/2020 | conversation with Dave Becker re: fee recovery strategy | N.L. | .50 |
| 8/7/2020 | emailing BVS re: pre-PI time calculations | N.L. | .10 |

| Date | Description | | |
|------|-------------|------|------|
| 8/7/2020 | discussing fees issue and AWHC concerns with BE (0.2) and drafting email to clients (0.4) | N.L. | .60 |
| 8/11/2020 | Strategy call with NL re: approach to arguments in revised fee application ordered by the court | B.E. | .25 |
| 8/11/2020 | discussing amended fee petition strategy with BE | N.L. | .25 |
| 8/11/2020 | drafting amended fee petition | N.L. | 6.50 |
| 8/12/2020 | Reviewing and revising draft amended fee application | B.E. | 1.15 |
| 8/12/2020 | revising amended fee petition (0.5) and supporting materials (1), including review of relevant exhibits and time entries (2) | N.L. | 3.25 |

| Date | Description | Attorney | Hours |
|---|---|---|---|
| 8/12/2020 | call with Dave Bahr re: supplemental declaration | N.L. | .15 |
| 8/12/2020 | preparing rough draft bahr declaration | N.L. | .50 |
| 8/13/2020 | reviewing previous filings to determine whether edits are necessary | N.L. | 1.00 |
| 8/13/2020 | Reviewing and revising detailed draft lead counsel declaration for NL to support amended fee petition (0.9 hours); reviewing time reports and checking arithmetic to ensure accurate hourly and financial description in fee request (1.85 hours) | B.E. | 2.75 |
| 8/14/2020 | verifying time entries and arithmetic for EAJA application | N.L. | .60 |
| 8/17/2020 | revising amended fee petition | N.L. | .50 |

8/17/2020        Final review of arithmetic and fee petition   docs for filing        B.E.        .89

Total time for NL: 103.28
Total time for BE: 52.65
Grand Total: 155.93

Exhibit D:

Cost and Expense Report from Meyer Glitzenstein & Eubanks, LLP

| Selection Criteria | |
| --- | --- |
| Clie.Selection | Include: AWHC-Burns Spay Experiment; AWI - Burns Spay Experiment; Cloud - Burns Spay Experiment |
| Slip.Slip Type | Expense |

| Date | Description | Amount |
| --- | --- | --- |
| **Client: Cloud - Burns Spay Experiment** | | |
| 7/1/2018 | Electronic Court records search system | $5.07 |
| 9/1/2018 | Westlaw | $65.52 |
| 9/1/2018 | Photocopies and\or Printing | $44.97 |
| 9/21/2018 | Filing fee | $399.96 |
| 9/26/2018 | Postage - Certified Mail Return Receipt Requested to 5 agencies | $37.47 |
| 9/27/2018 | Process Server to William, US Attorney for the District - in OR by RUSH Process Service, Inc. | $94.98 |
| 10/1/2018 | Westlaw | $774.66 |
| 10/1/2018 | Electronic Court records search system | $4.08 |
| 10/1/2018 | Photocopies and\or Printing | $59.67 |
| 10/2/2018 | Filing fee | $299.97 |
| 10/9/2018 | Travel related expenses for NL - Air travel on 10/9/19 | $597.18 |
| 10/9/2018 | Travel related expenses for NL - Orbitz fee | $20.97 |
| 10/9/2018 | Travel related expenses for NL - Delta Airlines for 10/30/18 | $118.17 |
| 10/9/2018 | Travel related expenses for NL - Delta Airlines for 11/3/18 | $178.77 |
| 10/30/2018 | Travel related expenses for Nick Lawton | $529.86 |
| ~~12/1/2018~~ | ~~Photocopies and\or Printing~~ | ~~$0.39~~ |
| ~~12/1/2018~~ | ~~Westlaw~~ | ~~$16.26~~ |
| ~~1/1/2019~~ | ~~Electronic Court records search system~~ | ~~$13.29~~ |
| ~~3/1/2019~~ | ~~Westlaw~~ | ~~$50.88~~ |
| ~~3/1/2019~~ | ~~Photocopies and\or Printing~~ | ~~$0.78~~ |
| ~~4/1/2019~~ | ~~Westlaw~~ | ~~$31.65~~ |
| ~~4/1/2019~~ | ~~Electronic Court records search system~~ | ~~$4.98~~ |
| ~~5/1/2019~~ | ~~Westlaw~~ | ~~$237.00~~ |

10/22/19                              Meyer Glitzenstein Eubanks LLP
6:21 PM                          Attorneys Fees Fee Report  - Exp  - Split                    Page 2

| Date | Description | Amount |
|------|-------------|--------|
| 5/1/2019 | Photocopies and\or Printing | $0.60 |
| 6/1/2019 | Electronic Court records search system | $1.77 |

| Grand Total | |
|---|---|
| | $3,588.90 $3,231.30 |

Exhibit E:

Cost and Expense Report from Eubanks & Associates, LLC

# Eubanks & Associates LLC

Law for the Public Interest

3206 Norwood Court

Fort Collins, CO 80525

Phone: 9707036060   |   Fax:

## PRE-BILL – EXPENSE REPORT

American Wild Horse Campaign

Invoice Date: April 02, 2020
Invoice Number: Pre-bill

## Matter: 1008-1009-1010 Burns Spay Case

**Costs**

| | | |
|---|---|---|
| 1/31/2020 | January Westlaw charges | $38.27 |
| 2/29/2020 | February Westlaw charges | $87.58 |
| 3/31/2020 | March Westlaw charges | $168.22 |
| TOTAL: | | $294.07 |

TOTAL: $168.22

Exhibit F:

Time Excluded from Fee Application or Sought at Reduced Rates

| Time Entries Excluded From Fee Petition | | | | |
|---|---|---|---|---|
| Date | Attorney | Task | Time | Reason for Exclusion |
| 11/16/2018 | KM | editing Letter re: water catchments; review of 2009 HMAP to find citation for same | 0.59 | Incorrectly included in timesheet for case |
| 9/18/2018 | NL | retainer drafting and revision | 0.75 | Billing judgment |
| 9/21/2018 | NL | reviewing media releases | 0.25 | Billing judgment |
| 10/9/2018 | NL | booking travel | 0.59 | Billing judgment |
| 2/11/2019 | NL | reviewing AWHC FOIA results | 0.25 | Billing judgment |
| 5/14/2019 | NL | spay EA press release review | 0.08 | Billing judgment |
| 6/24/2019 | NL | reviewing congress letter | 0.17 | Billing judgment |
| 6/24/2019 | NL | discussion with Ginger re: potential other case & advisory board | 0.17 | Billing judgment |
| 7/3/2019 | NL | Emailing with BS re: question about referring to gelding in spay case | 0.1 | Billing judgment |
| 7/15/2019 | NL | calls with Joanna re: senate sign on letter | 0.3 | Billing judgment |
| 9/4/2019 | NL | reviewing Argus Observer piece and emailing clients | 0.25 | Billing judgment |
| 10/23/2019 | NL | corresponding re: adding plaintiff | 0.5 | Billing judgment |
| 2/3/2020 | NL | reviewing information on horses removed from range and sold for spay | 0.75 | Billing judgment |
| 2/13/2020 | BE | Conferring with NL re: motion to compel hearing and potential for telephonic conference | 0.25 | Incorrectly included in timesheet for this case |
| 2/18/2020 | NL | research for potential new claim re: PTH | 1.4 | Billing judgment |
| 2/19/2020 | NL | discussing FOIA re PTH with BVS | 0.25 | Billing judgment |
| 2/21/2020 | NL | revising PTH FOIA request | 0.4 | Billing judgment |
| 2/27/2020 | NL | reviewing revisions to PTH FOIA request | 0.2 | Billing judgment |
| 3/11/2020 | NL | verifying delivery of FOIA request re: PTH | 0.2 | Billing judgment |
| 3/16/2020 | NL | reviewing proposed NEPA regulations to determine potential impact on new spay proposal | 0.4 | Billing judgment |
| 3/26/2020 | NL | emailing BLM officers re: PTH FOIA | 0.25 | Billing judgment |
| 3/30/2020 | BE | Emailing AWHC re: financial arrangement for fee litigation | 0.9 | Billing judgment |
| 3/31/2020 | BE | Reviewing time and expense reports in response to AWHC's question about fee recovery (0.5 hours); | 1.15 | Billing judgment |

| Date | Attorney | Task | Time | Deduction |
|---|---|---|---|---|
| | | drafting and sending detailed email to AWHC (0.65 hours) | | |
| 4/1/2020 | NL | emailing BE and clients re: estimate for fee litigation | 0.2 | Billing judgment |
| 4/1/2020 | BE | Further emails with AWHC re: fee litigation logistics | 0.25 | Billing judgment |
| 4/5/2020 | BE | Drafting and sending clients fee litigation retainer | 1.43 | Billing judgment |
| 4/6/2020 | NL | Reviewing fee briefing examples | 0.4 | Billing judgment |
| 4/13/2020 | NL | Emailing Carol re: case updates | 0.30 | Billing Judgment |
| **TOTAL TIME EXCLUDED FROM FEE PETITION** | | | ~~12.43~~ 7.05 | |

| Time Entries Claimed at Reduced Hourly Rates In Fee Petition | | | | |
|---|---|---|---|---|
| **Date** | **Attorney** | **Task** | **Time** | **Deduction** |
| 09/21/2018 | NL | finalizing and filing complaint | 0.67 | Paralegal |
| 9/27/2018 | LL | ensuring citation consistency and compiling exhibits | 4 | Paralegal |
| 9/28/2018 | LL | compiling exhibits and filing preliminary injunction motion | 4 | Paralegal |
| 10/2/2018 | NL | preparing Bill's pro hac app | 0.5 | Paralegal |
| 10/26/2018 | NL | finalizing and filing reply brief | 1 | Paralegal |
| 10/30/2018 | NL | travel for hearing | 3 | 50% |
| 11/3/2018 | NL | travel back from hearing | 6 | 50% |
| 11/7/2018 | NL | finalizing and filing proposed order | 0.25 | Paralegal |
| 11/8/2018 | NL | finalizing and filing opposition to motion to stay entry of order | 0.17 | Paralegal |
| ~~5/29/2019~~ | ~~NL~~ | ~~finalizing and filing MTD opp. & motion to stay~~ | ~~0.75~~ | ~~Paralegal~~ |
| ~~2/27/2020~~ | ~~NL~~ | ~~finalizing opposition to motion to lift stay~~ | ~~0.5~~ | ~~Paralegal~~ |
| ~~2/27/2020~~ | ~~NL~~ | ~~filing opposition to motion to lift stay~~ | ~~0.2~~ | ~~Paralegal~~ |
| 6/18/2020 | NL | preparing tables for reply brief | 0.5 | Paralegal |
| **TOTAL TIME REDUCED TO PARALEGAL RATES** | | | ~~12.04~~ 11.09 | |
| **TOTAL TIME REDUCED BY 50%** | | | 9 | |

**Exhibit G:**

**Time Excluded Under Court Order of 8/4/2020**

**Time Entries Excluded Under Court Order of 8/4/2020**

| Date | User | Hours |
|------|------|-------|
| 11/29/2018 | KM | 0.5 |
| 12/10/2018 | KM | 1 |
| 1/28/2019 | KM | 0.34 |
| 1/31/2019 | KM | 0.5 |
| 2/1/2019 | KM | 0.59 |
| 3/21/2019 | KM | 1.09 |
| 4/1/2019 | KM | 0.75 |
| 5/1/2019 | KM | 2.42 |
| 5/15/2019 | KM | 0.34 |
| 11/20/2019 | NL | 0.34 |
| 11/29/2018 | NL | 0.25 |
| 11/30/2018 | NL | 1.5 |
| 12/3/2018 | NL | 0.75 |
| 12/10/2018 | NL | 0.34 |
| 12/10/2018 | NL | 0.92 |
| 12/10/2018 | NL | 0.75 |
| 1/22/2019 | NL | 0.17 |
| 1/28/2019 | NL | 0.25 |
| 1/30/2019 | NL | 0.17 |
| 2/1/2019 | NL | 0.5 |
| 2/8/2019 | NL | 0.25 |
| 2/11/2019 | NL | 0.25 |
| 2/11/2019 | NL | 0.25 |
| 2/11/2019 | NL | 0.7 |
| 2/11/2019 | NL | 0.67 |
| 2/15/2019 | NL | 1 |
| 3/6/2019 | NL | 0.34 |
| 3/6/2019 | NL | 0.42 |
| 3/13/2019 | NL | 1 |
| 3/15/2019 | NL | 1 |
| 3/15/2019 | NL | 0.5 |
| 3/18/2019 | NL | 0.25 |
| 3/21/2019 | NL | 1.17 |
| 3/21/2019 | NL | 0.17 |
| 3/21/2019 | NL | 0.17 |
| 4/1/2019 | NL | 0.17 |
| 4/1/2019 | NL | 0.42 |
| 4/1/2019 | NL | 0.67 |
| 4/4/2019 | NL | 0.25 |
| 4/5/2019 | NL | 1.34 |

| Date | User | Hours |
|------|------|-------|
| 4/23/2019 | NL | 0.67 |
| 4/26/2019 | NL | 0.34 |
| 4/26/2019 | NL | 1.5 |
| 4/26/2019 | NL | 1.5 |
| 4/29/2019 | NL | 1.09 |
| 4/29/2019 | NL | 2.75 |
| 5/2/2019 | NL | 0.08 |
| 5/7/2019 |  | 0.59 |
| 5/7/2019 | NL | 0.25 |
| 5/7/2019 | NL | 0.42 |
| 5/9/2019 | NL | 0.34 |
| 5/13/2019 | NL | 1.5 |
| 5/14/2019 | NL | 0.42 |
| 5/14/2019 | NL | 0.08 |
| 5/14/2019 | NL | 0.75 |
| 5/14/2019 | NL | 1 |
| 5/14/2019 | NL | 0.25 |
| 5/14/2019 | NL | 0.67 |
| 5/14/2019 | NL | 0.75 |
| 5/15/2019 | NL | 0.25 |
| 5/15/2019 | NL | 1 |
| 5/15/2019 | NL | 0.5 |
| 5/16/2019 | NL | 0.5 |
| 5/16/2019 | NL | 1 |
| 5/17/2019 | NL | 0.25 |
| 5/17/2019 | NL | 3.25 |
| 5/20/2019 | NL | 6 |
| 5/20/2019 | NL | 1 |
| 5/20/2019 | NL | 0.5 |
| 5/21/2019 | NL | 0.5 |
| 5/21/2019 | NL | 5.25 |
| 5/21/2019 | NL | 0.75 |
| 5/22/2019 | NL | 0.75 |
| 5/22/2019 | NL | 1.25 |
| 5/22/2019 | NL | 0.34 |
| 5/22/2019 | NL | 0.42 |
| 5/24/2019 | NL | 3 |
| 5/24/2019 | NL | 1 |
| 5/24/2019 | NL | 0.25 |
| 5/24/2019 | NL | 0.25 |
| 5/29/2019 | NL | 0.75 |

| 5/31/2019 | NL | 0.5 |
|---|---|---|
| 6/5/2019 | NL | 0.5 |
| 6/10/2019 | NL | 0.5 |
| 6/12/2019 | NL | 0.25 |
| 6/12/2019 | NL | 0.34 |
| 6/12/2019 | NL | 0.34 |
| 6/17/2019 | NL | 2 |
| 6/18/2019 | NL | 0.5 |
| 6/21/2019 | NL | 1.5 |
| 6/21/2019 | NL | 0.42 |
| 6/24/2019 | NL | 0.17 |
| 6/24/2019 | NL | 0.17 |
| 7/3/2019 | NL | 0.1 |
| 7/15/2019 | NL | 0.3 |
| 8/8/2019 | NL | 0.3 |
| 8/14/2019 | NL | 0.1 |
| 9/4/2019 | NL | 0.25 |
| 9/6/2019 | NL | 0.25 |
| 9/10/2019 | NL | 0.5 |
| 9/13/2019 | BE | 0.2 |
| 10/23/2019 | NL | 0.5 |
| 10/29/2019 | NL | 0.25 |
| 11/18/2019 | NL | 0.3 |
| 11/19/2019 | NL | 0.2 |
| 11/29/2019 | NL | 0.2 |
| 11/21/2019 | NL | 0.3 |
| 11/22/2019 | NL | 0.2 |
| 11/22/2019 | BE | 0.35 |
| 11/25/2019 | NL | 0.1 |
| 12/23/2019 | NL | 0.25 |
| 1/23/2020 | NL | 0.5 |
| 1/24/2020 | NL | 0.3 |
| 1/27/2020 | NL | 0.5 |
| 1/27/2020 | NL | 1 |
| 1/27/2020 | BE | 0.55 |
| 1/28/2020 | BE | 1.35 |
| 1/28/2020 | NL | 1.5 |
| 2/3/2020 | NL | 0.75 |
| 2/13/2020 | NL | 0.1 |
| 2/13/2020 | BE | 0.25 |
| 2/14/2020 | NL | 1.2 |
| 2/14/2020 | BE | 1.2 |
| 2/14/2020 | NL | 0.5 |

| 2/14/2020 | NL | 0.25 |
|---|---|---|
| 2/18/2020 | NL | 1.4 |
| 2/18/2020 | NL | 0.9 |
| 2/18/2020 | NL | 0.9 |
| 2/19/2020 | NL | 0.25 |
| 2/19/2020 | NL | 4 |
| 2/20/2020 | NL | 4.2 |
| 2/20/2020 | BE | 1.2 |
| 2/20/2020 | NL | 1.3 |
| 2/21/2020 | NL | 0.4 |
| 2/26/2020 | NL | 1.3 |
| 2/27/2020 | NL | 1.25 |
| 2/27/2020 | NL | 0.2 |
| 2/27/2020 | NL | 0.5 |
| 2/27/2020 | NL | 0.2 |
| 3/11/2020 | NL | 0.2 |
| 3/11/2020 | NL | 0.2 |
| 3/11/2020 | BE | 0.15 |
| 3/11/2020 | NL | 0.1 |
| 3/11/2020 | NL | 0.2 |
| 3/11/2020 | NL | 2.5 |
| 3/12/2020 | NL | 3 |
| 3/13/2020 | NL | 0.5 |
| 3/13/2020 | BE | 0.65 |
| 3/13/2020 | NL | 0.3 |
| 3/16/2020 | NL | 0.4 |
| 3/16/2020 | NL | 0.8 |
| 3/16/2020 | BE | 0.5 |
| 3/16/2020 | NL | 0.9 |
| 3/16/2020 | NL | 0.4 |
| 3/16/2020 | NL | 2.5 |
| 3/17/2020 | NL | 5.7 |
| 3/18/2020 | BE | 2.85 |
| 3/18/2020 | NL | 6.75 |
| 3/19/2020 | NL | 1.6 |
| 3/19/2020 | BE | 1.5 |
| 3/19/2020 | BE | 0.9 |
| 3/19/2020 | NL | 4.2 |
| 3/19/2020 | NL | 0.5 |
| 3/20/2020 | NL | 0.4 |
| 3/26/2020 | NL | 0.25 |
|  | TOTAL | 145.91 |