William Nicholson Lawton, OSB 143685
nick@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (202) 556-1243

William S. Eubanks II, admitted *pro hac vice*
bill@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (970) 703-6060

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| GINGER KATHRENS, *et al.*, | Case No. 3:18-cv-01691-MO |
| Plaintiffs, | **SECOND DECLARATION OF DAVID BAHR IN SUPPORT OF PLAINTIFFS' APPLICATION FOR AN AWARD OF COSTS, FEES, AND EXPENSES** |
| v. | |
| DAVID BERNHARDT, *et al.*, | |
| Defendants. | |

I, David Bahr, do hereby declare under penalty of perjury:

**1.** I am submitting this declaration in support of Plaintiffs' amended Application for Fees, Costs, and Other Expenses in the above-captioned matter.

**2.** I previously submitted a declaration in support of Plaintiffs' original Application for Fees in this matter, which describes my credentials and experience. As documented in my previous declaration, "[m]y firm's practice frequently entails representation under the various 'fee shifting' provisions of state and federal public interest environmental and public records

1

law." Bahr Decl., ECF No. 65-6 ¶ 13. As such, I am familiar with the amount of time fee recovery litigation generally entails and am qualified to provide an opinion regarding the reasonableness of time spent in fee litigation.

3. I am submitting this declaration to support Plaintiffs' request for compensation for the time expended during the fee recovery portion of this litigation. To familiarize myself with this matter, I have reviewed the following materials:

   a. This Court's Judgment of March 20, 2020;
   b. Plaintiffs' Motion for Reconsideration of this Court's March 20, 2020 Judgment;
   c. Plaintiffs' original Application for Fees Pursuant to EAJA;
   d. Defendants' Motion to Defer Briefing on Plaintiffs' Application for Fees and Plaintiffs' Response in Opposition to that motion;
   e. This Court's Order of May 11, 2020 directing Plaintiffs to submit an Amended Motion for Reconsideration;
   f. Plaintiffs' Amended Motion for Reconsideration and the parties' briefing on that motion;
   g. This Court's Order of August 4, 2020 granting in part Plaintiffs' Amended Motion for Reconsideration and directing Plaintiffs to file an amended Application for Fees under EAJA;
   h. Plaintiffs' Amended Application for Fees Under EAJA (in draft form); and
   i. Plaintiffs' counsel's time entries for the fee-recovery phase of this litigation.

4. In my opinion, the roughly 155 hours spent by Plaintiffs' counsel in the fee recovery phase of this case is entirely reasonable, particularly in view of the fact that Plaintiffs were required to prepare numerous filings in this case that are not generally necessary in fee litigation, including a motion for reconsideration, an opposition to Defendants' motion to defer briefing on the original fee petition, an amended motion for reconsideration, and an amended fee petition. In my experience, fee litigation is generally resolved on the basis of a single round of briefing—*i.e.* a Plaintiffs' opening fee application, the government's response, and the Plaintiffs'

reply. Despite the fact that the circumstances of this case required Plaintiffs' counsel to prepare more briefing than is typically necessary, Plaintiffs' counsel have done so in a number of hours that is well-within what is reasonable for a more typical fee-recovery proceeding, and which is well in line with the number of hours courts in this Circuit have approved as reasonable. *See League of Wilderness Defenders/Blue Mountains Biodiversity Project v. Turner*, 305 F. Supp. 3d 1156, 1171, 1174 (D. Or. 2018) (approving as "generally reasonable" the expenditure of "194.2 hours on the attorney fees litigation").

    **5.**    In my opinion, the time that Plaintiffs expended during the fee recovery phase of this litigation would have been necessary regardless of whether Plaintiffs sought to recover for all of the time expended in this litigation or only a portion of that time. Because this Court's judgment of March 20, 2020 denied Plaintiffs any fees for any portion of this litigation, it was necessary for Plaintiffs to file all of the subsequent materials they prepared in this case in order to establish their entitlement to the recovery of any fees at all. For this reason, in my opinion, an award of fees that fully compensates Plaintiffs for all time expended during the fee recovery portion of this litigation would be an equitable, reasonable and appropriate outcome.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed this 17th day of August, 2020 in Eugene, Oregon.

_____
David A. Bahr (Oregon Bar No. 90199)
Bahr Law Offices, P.C.
1035 ½ Monroe Street
Eugene, OR  97402
(541) 556-6439
davebahr@mindspring.com

3