William Nicholson Lawton, OSB 143685
nick@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (202) 556-1243

William S. Eubanks II, admitted *pro hac vice*
bill@eubankslegal.com
Eubanks & Associates PLLC
1331 H Street NW
Washington, D.C. 20005
Tel: (970) 703-6060

Counsel for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | | |
|---|---|---|
| GINGER KATHRENS, et al., | ) | Case No. 3:18-cv-01691-MO |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' UNOPPOSED MOTION** |
| | ) | **FOR CLARIFICATION OF** |
| v. | ) | **DEADLINE TO APPEAL** |
| | ) | **THIS COURT'S ORDER OF** |
| DAVID BERNHARDT, et al., | ) | **AUGUST 4, 2020** |
| | ) | |
| Defendants. | ) | |

**UNOPPOSED MOTION**

Plaintiffs respectfully request that this Court clarify that its August 4, 2020 Order is not a final appealable order, and that the period for appealing any fee-related issues will begin to run only after the Court enters a final judgment on fees in this case. Pursuant to Local Rule 7-1(a)(1), Plaintiffs have conferred with Defendants regarding this motion, which Defendants do not oppose.

i

Respectfully submitted,

*/s/ William N. Lawton*
William N. Lawton
nick@eubankslegal.com
Oregon Bar No. 143685

William S. Eubanks II
(*admitted* pro hac vice)
bill@eubankslegal.com
D.C. Bar No. 987036

Eubanks & Associates LLC
1331 H Street NW, Suite 902
Washington, DC 20005
(202) 556-1243

Counsel for Plaintiffs

**MEMORANDUM IN SUPPORT**

"A court may clarify its order for any reason." *Wahl v. Am. Sec. Ins. Co.*, No. C 08-0555, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010). "[S]uch a request 'invites interpretation, which trial courts are often asked to supply, for the guidance of the parties.'" *Id.* (quoting *Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985)); *see also* Fed. R. Civ. P. 60(a) (establishing that courts may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record").

Deadlines for filing an appeal are "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196. 203 (1988). "If a party believes a court has acted ambiguously as to an appeal deadline, it bears the burden of seeking clarification." *Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1462–63 (9th Cir. 1992).

Plaintiffs respectfully request that the Court clarify a potential ambiguity in its Order of August 4, 2020, which granted Plaintiffs' Amended Motion for Reconsideration in part, but also denied Plaintiffs the ability to recover fees for a portion of this case. Plaintiffs believe that this Court's August 4, 2020 order is interlocutory in nature, because it ordered further briefing on Plaintiffs' claim for attorneys' fees and costs. However, because the Court's Order did not specify whether it is entirely interlocutory, or whether any part of that Order may instead be final, Plaintiffs are concerned that the August 4, 2020 Order could be interpreted as a final appealable judgment as to the denial of Plaintiffs' ability to recover fees for a portion of this case. If that interpretation were correct, to preserve their rights to potentially appeal that aspect of the Court's ruling, Plaintiffs would have to file at least a protective notice of appeal by no later than October 3, 2020.

1

Clarification of this Court's August 4, 2020 Order as an interlocutory order would promote efficiency by allowing the Court to issue a final ruling on the fee phase of this litigation before any appellate deadlines elapse, and allowing the parties to engage in a fully informed evaluation of whether any appeal may be necessary. Clarification would also avoid confusion as to this Court's jurisdiction over the remaining fee issues, which could ensue if Plaintiffs are forced to file a protective notice of appeal to preserve their rights to challenge any portion of the August 4, 2020 Order. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of an appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Finally, clarification would not cause any hardship or prejudice to any party.

For the convenience of the Court and the parties, Plaintiffs respectfully request that the Court clarify that its August 4, 2020 Order was not a final appealable order, and that the period for appealing any fee-related issues will begin to run only after the Court enters a final judgment on fees in this case.

Respectfully submitted,

*/s/ William N. Lawton*
William N. Lawton
nick@eubankslegal.com
Oregon Bar No. 143685

William S. Eubanks II
(*admitted* pro hac vice)
bill@eubankslegal.com
D.C. Bar No. 987036

Eubanks & Associates LLC
1331 H Street NW, Suite 902
Washington, DC 20005
(202) 556-1243

Counsel for Plaintiffs

3